[No. 1005. Decided November 9, 1893.]

## THE STATE OF WASHINGTON, *Respondent*, v. FRED. MUNSON, *Appellant*.

CRIMINAL LAW — CONFESSIONS — BURGLARY — EVIDENCE — CORPUS DELICTI — INFORMATIONS.

Inculpatory declarations made by a defendant charged with a crime are admissible in evidence when not caused by duress or fear produced by threats.

Where it is sought to deny that defendant's admissions tending to show guilt were produced by threats, the admission of the question, "Did you make any threats to him?" is not prejudicial error, when all that was done or said to the defendant, or by him, was subsequently stated in detail.

In a trial upon an information for burglary the *corpus delicti* is proved when it is shown that a certain storekeeper closed his store on the evening of a certain day, and that he and his clerks, after locking the door and closing the windows left the store, leaving no one there; that when he left the store there was in a safe, which he had there, about eighty dollars in gold and silver coin, and in currency, the latter being a ten, a five and a one dollar bill; that on returning the next morning the money was gone from the safe, and from appearances the back window of the store had been raised during the night; there was no way by which a person could enter the store except through the doors or windows, and the storekeeper had not authorized any one to enter during the night.

Where it is shown that a defendant accused of the burglary of certain moneys surrenders to the officer a sum which he had secreted, which corresponds in amount, kind and denomination with that stolen, and accounts for his possession by an extremely improbable explanation, and when accused of the offense makes inculpatory admissions, his guilt is proved beyond a reasonable doubt.

The fact that stolen money is not exhibited in court on the trial for its larceny is not ground for rejecting testimony offered concerning it.

It is unnecessary that an information charging a crime should set forth the conditions which the law provides must exist in order that a prosecution may be by information.

*Appeal from Superior Court, Thurston County.*

*Skillman & Agnew*, and *J. R. Mitchell*, for appellant.
*Milo A. Root*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

ANDERS, J.— The defendant was tried and convicted of
the crime of burglary, alleged in the information to have
been committed on the night of the 15th day of February,
1893, by feloniously and burglariously breaking and enter-
ing the store of one M. O'Connor, in the city of Olympia,
county of Thurston, and State of Washington, with intent
then and there feloniously to take, steal and carry away
certain money the property of said O'Connor and then
being in said store.    From the judgment entered on the
verdict of the jury the defendant appeals and asks a re-
versal thereof, on account of errors which he alleges the
court committed on the trial.

At the trial the court permitted certain inculpatory decla-
rations made by the defendant to the officers having him in
custody, after his arrest for the offense with which he was
charged and for which he was subsequently tried.    The
point made by the learned counsel for appellant is, that
these declarations were in the nature of confessions, and
were made under the influence of fear produced by threats,
and were therefore admitted in evidence in violation of the
provisions of § 1308 of the Code of Procedure.    But we
think the position of counsel is not tenable, for the reasons:
(1) That no direct confession of guilt was made by the
defendant, and (2) that the court was clearly justified by
the evidence before it in concluding that no threats were
made, and that what the defendant then said was not caused
by duress or fear, but were his own free and voluntary
declarations.

Nor do we think the defendant was at all prejudiced by
the court permitting the county attorney to ask, and the

witnesses to answer, the question: "Did you make any threats to him?" Even conceding, as claimed on behalf of the appellant, that the question was leading and called for the expression of an opinion merely on the part of the witnesses so interrogated, yet, as all that was done or said to the appellant, or by him, was subsequently stated in detail, no injury could possibly have resulted to the appellant by reason of the ruling of the court.

It is contended that the *corpus delicti* was not proven; in other words, that the crime of burglary was not shown to have been committed. But, in our judgment, there was ample proof of the commission of the crime charged. The facts, as disclosed by the evidence, were briefly these: M. O'Connor owned a store in Olympia. In that store he had a safe, in which there were about eighty dollars when he left the store on the evening in question, consisting of gold and silver coin, and currency, or "greenbacks," the latter being a ten, a five and a one dollar bill. He and the two young ladies who were his clerks left the store at about eight o'clock in the evening, and neither of them returned until the next morning between seven and eight o'clock. No one was there when O'Connor left, and the doors were locked and the windows closed when they went away. There was no way by which a person could enter the store except through the doors or windows. The owner of the store had not authorized any one to enter it during the night. The money was gone from the safe in the morning, and from appearances the back window of the store had been raised during the night. These facts show that some one had broken and entered the building with intent to commit larceny therein, and, therefore, was guilty of burglary. Penal Code, § 46.

And the next question for the jury to determine was whether the appellant was the guilty party. The jury answered the question affirmatively, and we think their

16—7 WASH.

verdict was fully warranted by the proof disclosed by the record. We have no doubt that the money appellant had tied up in a handkerchief and secreted at his mother's house, and which he produced and gave to the chief of police, was the same money which was taken from M. O'Connor's safe only a night or two previously. The amount given to the officer was about the sum that had been stolen, and corresponded with it in kind and denomination. What he said and did when he found he was accused of this offense, coupled with the extremely improbable explanation of how he obtained the money which he produced and turned over to the chief of police, showed his guilt beyond any reasonable doubt whatever. The fact that the money recovered was not exhibited in court was no ground for rejecting the testimony offered concerning it. It was for the jury to say from the testimony whether or not it was O'Connor's money, and this they were able to do without seeing it.

It is objected that the information fails to state facts sufficient to constitute a public offense, and in support of this position it is urged that it does not clearly appear upon the face of the information that the conditions existed which the law provides must exist in order that a public offense may be prosecuted by information. All that need be said in answer to this proposition is that this court took a contrary view in *State v. Anderson*, 5 Wash. 350 (31 Pac. Rep. 969), where we held that these conditions need not be alleged. The facts constituting the crime charged are clearly set forth, and that is all the statute requires.

Judgment affirmed.

HOYT, STILES and SCOTT, JJ., concur.

DUNBAR, C. J., not sitting.