[No. 7836.  Decided February 6, 1909.]

The State of Washington, *Respondent,* v. George
Beeman, *Appellant.*[1]

Burglary—Nature of Offense—Breaking.  The gist of burglary
is the breaking and entering with intent to commit a crime.

Same—Evidence.  The mere possession of stolen property is not
*prima facie* evidence of the breaking and entering, but a circum-
stance to be considered by the jury.

Burglary—Evidence—Sufficiency.  There is sufficient evidence
to sustain a conviction of burglary, where it appears that the house
was broken open, and a feather bed stolen; that the property was
found in the possession of the defendant, the feathers removed from
the tick, the tick concealed, and that the defendant was seen in the
vicinity of the house about the time of the burglary and tracks
evidently made by his cart led to and from the house, although pos-
session of the stolen property would not alone be *prima facie* proof
of the burglary.

Criminal Law—New Trial—Newly Discovered Evidence.  The
general rule that a new trial will not be granted, for newly discov-
ered evidence to impeach a witness, applies in a prosecution for
burglary where the newly discovered evidence merely tended to
contradict the owner's identification of the property, and the owner
did not assume to positively identify it, identification having been
made by another witness.

Same.  A new trial will not be granted in a criminal case to se-
cure the evidence of a witness now a resident in the East, when it is
only shown that counsel believe he will be present at the new trial;
nor when his evidence would be only cumulative.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered March 7, 1908, upon a
trial and conviction of the crime of burglary.  Affirmed.

*Cain & Hurspool,* for appellant.

*Otto B. Rupp* and *John H. McDonald,* for respondent.

Chadwick, J.—Appellant seeks to reverse this case upon
the insufficiency of the evidence to sustain the verdict, and

[1]Reported in 99 Pac. 756.

upon the ground of newly discovered evidence. In his brief he lays down the premise that the unexplained possession of property recently stolen is insufficient to justify a conviction, citing the several decisions of this court to that effect. It will be borne in mind that appellant was charged with the crime of burglary, the gist of which is a breaking and entering with intent to commit a misdemeanor or felony. In such cases the rule is that the mere possession of stolen property without other evidence of guilt is not regarded as *prima facie* evidence of the breaking and entering, but is a circumstance to be considered by the jury with all other facts and circumstances, as disclosed by the evidence, or in determining the guilt or innocence of the accused.

No instruction was given or requested upon the point now urged by counsel; but, admitting the question as properly before us, we think there was sufficient testimony, if believed by the jury, to warrant a conviction in this case. The house burglarized was unoccupied at the time. It was broken into and property was taken, thus indicating that some one was guilty of the crime of burglary. The fact that property identified as belonging to the complaining witness was found at the home of the appellant might be insufficient in itself to warrant the verdict, but there was evidence tending to show that the property, a feather bed, was not only in the possession of the appellant, but that the feathers had been removed and the tick concealed from casual observation in a barrel of dirty clothes; that appellant had in his possession several flour sacks partially filled with feathers; that he endeavored to toll an officer, who held a search warrant, out of the house on pretense of going to the cellar, after a word in a whispered undertone to his wife; that appellant and his wife first denied possession of the feather bed, and upon discovery of the tick, made conflicting statements to the officer; that tracks of a two-wheeled cart drawn by two horses were discovered in front of the house upon the return of the owner; that the cart had been stopped and from it foot tracks led to and from the house;

that the cart tracks were followed for some distance in the direction of appellant's home; that the appellant was the owner of, and frequently drove about the country in, a two-wheeled cart drawn by two horses, and was seen in the vicinity of the house burglarized about the time the burglary must have occurred. The bed tick was positively identified by the person (a sister of the complaining witness) who made it. The case here presented is not nearly so strong in favor of appellant as was the case of *State v. Munson*, reported in 7 Wash. 239, 34 Pac. 932, where this court sustained a conviction; and as to the first assignment of error we are willing to rest this case upon that authority.

It is urged, however, that appellant is entitled to a new trial because the officer who executed the search warrant said upon cross-examination that the complaining witness had not, in describing the bed tick, said that it had a hole torn in it by the bed springs upon which it had been used, a fact denied upon the trial by the complaining witness; whereas, after the trial, he remembered that such statement had been made and would so testify upon a new trial. From the nature of the case, if the conviction rested upon the evidence of the complaining witness alone, there might be sufficient merit in this contention to take it out of the general rule that new trials will not be granted in order to supply evidence to sustain or impeach a witness. But the whole record shows that the complaining witness did not undertake to positively identify his property, but left that important fact to his sister, who recognized it as her own handiwork.

We are also asked to reverse the case that the evidence of one C. W. Hall, now a resident of Washington, D. C., may be obtained. He had been engaged as a clerk at a country store near the home of appellant, and, it is alleged, would testify that he sold the bed ticking, identified as the property stolen, to the wife of the appellant, a fact to which she had already testified. It is not shown that counsel who makes the affidavit has ever talked with Hall, nor does he say more than

that he believes that, if a new trial is had, Hall can be obtained as a witness. This showing is insufficient. If it were otherwise sufficient, the testimony would be merely cumulative.

The judgment of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, GOSE, MOUNT, DUNBAR, and CROW, JJ., concur.