[No. 9775. Department Two. November 24, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.
THOMAS MALLAHAN, *Appellant*.[1]

CRIMINAL LAW—EVIDENCE—ACCOMPLICE. One who was present after a burglary when the participants divided up the spoils, is not an accomplice.

CRIMINAL LAW—EVIDENCE—ACCOMPLICE—CORROBORATION. A conviction of burglary may be had upon the uncorroborated testimony of an accomplice.

CRIMINAL LAW—EVIDENCE—ACCOMPLICE—SENTENCE—MATERIALITY. Where an accomplice who had pleaded guilty had testified that no inducements had been held out to him to testify against the defendant, it is immaterial what his sentence was, and evidence thereof is properly excluded.

WITNESSES—EXAMINATION—REPETITIONS. Where a matter has been fully gone into, it is not error to refuse to permit the witnesses to be further interrogated along the same lines.

BURGLARY — IDENTIFICATION OF PROPERTY—EVIDENCE—ADMISSIBILITY. Upon a prosecution for the burglary of a millinery store, in which a large number of plumes were taken, it is proper to allow the state to show that plumes found at the home of the defendant were of the same kind and similar in appearance to the plumes stolen, where that was the best evidence of identification obtainable.

CRIMINAL LAW—EVIDENCE—ALIBI—REBUTTAL. Upon a prosecution for a burglary charged on October 4, in which the defense was an alibi, and defendant was shown to have been at home during the evening and night of that day, it is proper to reopen the case to

[1]Reported in 118 Pac. 898.

allow the state to show that the burglary was committed in the early morning of the 4th.

CRIMINAL LAW—EVIDENCE—REBUTTAL. Upon a prosecution for burglary, where defendant and one jointly indicted testified that they had no previous acquaintance, the state on rebuttal may show that they had been seen together prior to that time.

CRIMINAL LAW—TRIAL—ADJOURNMENT. Error cannot be predicated on the denial of a request to have the court and jury go to a witness confined to bed for the purpose of taking her testimony.

CRIMINAL LAW—ALIBI—EVIDENCE—RELEVANCY. Where defendant claimed that he was confined to his home by an injury to his knee, at the time of an alleged burglary, and wore a rubber bandage, which he offered in evidence, it is not error to exclude it, there being no dispute as to his wearing the same.

CRIMINAL LAW—APPEAL—REVIEW—MISCONDUCT OF COUNSEL. Error cannot be predicated upon remarks of the prosecuting attorney, made upon objecting to a motion in the presence of the jury, where no request was made to instruct the jury as to their effect.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. One general exception to the instructions given is insufficient to secure a review of error in certain instructions.

Appeal from a judgment of the superior court for King county, Main, J., entered January 21, 1911, upon a trial and conviction of burglary in the second degree. Affirmed.

*Welch & Crotty* and *Osmond Walker*, for appellant.

*John F. Murphy, Alfred H. Lundin,* and *Reah M. Whitehead,* for respondent.

Morris, J.—Appellant was charged jointly with John A. Wells and two others with burglary in the second degree, in breaking into the store of the Wonder Millinery Company, at Seattle, on October 4, 1910. He was convicted, and appeals.

John A. Wells, previously to the trial of appellant, had pleaded guilty, and had been sentenced to a term at the state reformatory at Monroe, from which place he was brought by the state and used as a witness against appellant. The first errors assigned grow out of this testimony. It is contended

that Wells was an accomplice, and there was no sufficient corroborating testimony to sustain a conviction. It is also urged that a witness named Hansen, who was present at the home of Wells subsequent to the burglary, when the parties committing the crime divided up the spoils, was also an accomplice. Hansen was in no sense an accomplice. The fact that he subsequently learned of the crime from those engaged in its commission does not make him an accomplice in its commission. Neither is it required in this state that the testimony of an accomplice be corroborated before a conviction can be had. We have always adhered to the rule that no corroboration is necessary. *State v. Coates*, 22 Wash. 601, 61 Pac. 726; *State v. Jones*, 53 Wash. 142, 101 Pac. 708; *State v. Ray*, 62 Wash. 582, 114 Pac. 439; *State v. Stapp*, 65 Wash. 438, 118 Pac. 337; and *State v. Dalton*, 65 Wash. 663, 118 Pac. 829.

It is next contended that the court erred in not permitting appellant to show the inducements held out to Wells to obtain his testimony. The record does not show any such refusal. Counsel for appellant was permitted to ask this witness if he had any understanding with Captain Tennant of the police department as to what his sentence would be if he testified against this appellant, or whether Captain Tennant requested his aid in sending appellant to the penitentiary. The record shows no attempt on the part of the state or the court to hinder appellant in obtaining answers to these questions, until at the last the witness was asked what his sentence was, which was objected to and the objection sustained. We find no error in this ruling. The witness had already testified no inducements had been held out to him, nor was there any understanding as to his sentence. It was therefore immaterial what his sentence was, since there was no showing of any understanding or inducement regarding it.

The only other objection made and sustained to this line of inquiry was, after counsel for appellant had asked his questions and obtained answers, he incorporates the fact he

was seeking to obtain an admission of from the witness into a final question. The matter had been fully gone into, and there was no error in the court refusing to permit the witness to be again interrogated upon the same matter.

At the time of the burglary, a large number of plumes of the value of about $5,000 were taken. The state produced some plumes found at the home of appellant, and when Mr. Cressman of the millinery company was upon the stand, he was asked: "If any one of these plumes here are similar to the plumes—to the ones stolen from the Wonder Millinery Co." Counsel for appellant objected as incompetent, irrelevant, and immaterial, which objection was overruled, and such ruling is here assigned as error. The theory of counsel, as gathered from his argument in support of his objection, was that there was no identification of the plumes shown the witness as the plumes that were stolen, and that they could not be identified by their similarity. It was proper for the state to show the plumes produced were of the same kind and character and similar in appearance to the ones taken. A large number were taken. There were probably no special identification marks upon them by which they could be identified from similar plumes. The fact that they were similar and of the same general appearance was, therefore, the best evidence obtainable, and, as such, its admission was proper, leaving the question of its weight for the jury.

In *State v. Murphy*, 15 Wash. 98, 45 Pac. 729, a prosecution for stealing cattle, in seeking to identify the alleged stolen animal, evidence that the animal in question was "to the best of his knowledge and belief" the one stolen, was held proper, upon the theory that the weight to which the testimony was entitled was for the jury, and not a question of law to be decided by the court. In *State v. Beeman*, 51 Wash. 557, 99 Pac. 756, the charge was burglary; the thing stolen a feather bed. The state was permitted to show that the bed was found in the possession of defendant; that the feather bed had been removed and the tick concealed in

a barrel of dirty clothes, and that defendant had in his possession several flour sacks partially filled with feathers. A statement of the rule under which this evidence was competent may be found in vol. 1, Wigmore on Evidence, § 660.

The next error assigned is the admission of certain evidence in rebuttal. The defense was an alibi. The time was charged as October 4. The defense had introduced testimony to the effect that appellant was at his home during the evening and night of that day. The state then asked permission to reopen its case and show that the store was broken into on the early morning of the 4th. This was not error, the time of day did not become material until the alibi testimony was introduced. It was then competent for the state to show the commission of the offense in the early morning of the day charged, to overcome the evidence of his presence at home during the evening of that day.

One of those jointly charged with appellant was James Ahern, who testified in behalf of appellant, as did appellant, that they had no acquaintance prior to their arrest. The state introduced several witnesses who testified to seeing these two together prior to that time. No error could be predicated on this showing of the state in rebuttal. It could not assume appellant and those jointly charged with him would deny knowledge of each other; when they did, it had a right to meet such testimony.

While appellant was putting in his defense and just before he rested, his counsel made the following request of the court: "I am going to ask Mrs. Mallahan—the mother of this defendant here is confined to her bed; she is unable to come, I am going to ask your honor that the jury may go where she is and take her testimony at home." The state objected, and the objection was sustained. The ruling is assigned as error. The method and manner of conducting the trial is a matter purely within the discretion of the trial court, except in so far as the matter has been determined by statute. A party to an action has no absolute right to have

the trial of the cause or any part of it take place at any place other than the one fixed by law for the trial of causes. Hence, the denial of such a request could not be regarded as error. The only statute we have on this subject is Rem. & Bal. Code, § 344:

"Whenever, in the opinion of the court, it is proper that the jury should have a view of real property which is the subject of litigation, or of the place in which any material fact occurred, it may order the jury to be conducted in a body, in the custody of a proper officer, to the place which shall be shown to them by the judge, or by a person appointed by the court for that purpose."

If appellant could predicate his request upon this statute, it will be noted that the matter rests wholly within the discretion of the court, and any denial of such a request would not be error.

Appellant had testified that he was confined to his home on October 4 by an injury to one of his knees, and that he wore an elastic bandage. He offered a bandage in evidence as the one he then wore, and it was refused. We cannot understand upon what theory this evidence should have been admitted, or what it would prove, or have a tendency to prove. If it was material that appellant wore a rubber bandage on his knee on October 4, such was already in evidence. No one had attempted to dispute it. It might be proper, under certain circumstances, where wearing apparel is included in the identity or description of a person, to introduce it in evidence; but this was not such a case, and there was no error in its rejection.

Counsel for the state, in making an objection to the visit of the jury to the Mallahan home, said, in part: "I hate to call counsel for grand standing before the jury, but counsel well knows this is improper. . . . It is made for no other purpose than to influence the jury. . . ." Appellant excepted to these remarks, and now says they constitute error. We can see no reversible error in this connection. There

could be none in any event, because it is proper in such cases to request the court to instruct the jury as to the effect upon them of remarks by counsel, which was not done. Not having taken advantage of his rights below, he cannot assert them here.

Certain instructions are said to be erroneous. No proper exception was taken to the instructions, the only exception being a general one, which, under the long established rule here, is insufficient for a review in the appellate court. In reading the record, however, we have read the instructions, and in order to show appellant was not prejudiced in this respect, we will say we find no error in them. Other errors alleged are insufficiency of the evidence, and the denial of a new trial. These errors have been reviewed in what has been said upon the other points.

. The judgment is affirmed.

Dunbar, C. J., Ellis, and Crow, JJ., concur.