[No. 18856.   Department Two.   January 15, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v.
EARL TROMBLEY *et al., Appellants*.[1]

BURGLARY (19)—CRIMINAL LAW (147)—EVIDENCE—OPINION EVI-
DENCE—CONCLUSION OF WITNESSES.   The gist of the offense of bur-
glary in the second degree as defined by Rem. Comp. Stat., § 2579,
being the breaking and entering with intent to commit a crime in
any building or room, a conviction is not sustainable where the
only evidence of breaking and entering was the statement of the
owner that his store had been "burglarized," which was objected to
as a conclusion.

BURGLARY (20)—EVIDENCE—SUFFICIENCY—EFFECT OF POSSESSION
OF PROPERTY STOLEN.   Proof of possession of goods, shortly after they
were stolen in a burglary, unaccompanied by any facts or circum-
stances connecting the accused with the crime, is not sufficient to
sustain a conviction of burglary, especially where there was no
proof of the *corpus delicti* (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered December 10,
1923, upon a trial and conviction of burglary.   Re-
versed.

*Lloyd L. Black* and *Joseph H. Smith*, for appellants.
*C. T. Roscoe, M. H. Forde,* and *Charles R. Denney,*
for respondent.

MITCHELL, J.—Earl Trombley and L. M. Cody have
appealed from a judgment and sentence on a verdict of
guilty of burglary in the second degree.

Several assignments of error are presented.   It is
necessary to consider only the one that there was a
failure of proof.   The information charged the appel-
lants with the crime of burglary in the second degree,
in that they feloniously broke and entered the store-
room of Bergman-Elzey, in Everett, Washington,

[1]Reported in 232 Pac. 326.

wherein property was kept for use, sale and deposit, with intent to commit a crime therein. The statute upon which the information rests, § 2579, Rem. Comp. Stat., provides:

"Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree, enter the dwelling-house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

The gist of the offense charged, as was said in the case of *State v. Beeman,* 51 Wash. 557, 99 Pac. 756, wherein it was shown that a house was broken into and property taken, is a breaking and entering with intent to commit a crime therein. So is the information in this case; and in the court's instructions the jury were told that, if they found beyond a reasonable doubt that the defendants did break and enter the storeroom, and that such breaking and entering was made with intent to commit some crime therein, then they should find the defendants guilty, otherwise find them not guilty.

The only pretense of evidence on this point is a question to one of the owners of the building and his answer thereto that were objected to on behalf of the appellants, as follows: "Q. Was your place burglarized? Ans. Yes." To which counsel for appellants objected and moved that it be stricken as a conclusion of law, and stating that it is for the state to prove the facts and not conclusions of law. The objection and motion were denied. Because of an intervening question and answer as to "how many kinds of tires were removed in that burglary," counsel for the state contend that the objection and motion related to the inter-

vening question and answer. Let us be fair about the controversy. It appears to be a case of a possible rapid fire of questions and answers that withal does not disturb or confuse the real meaning and purpose of the objection. It is a useless thing to argue that the objection and motion to strike related to the intervening question and answer of the number of kinds of tires taken as calling for a conclusion, or that the objection and motion to strike related to any other question and answer than that of the question, "Was your place burglarized," and the answer "Yes." It is perfectly clear that the court so understood it in making the adverse ruling.

Section 2057, Rem. Comp. Stat. [P. C. § 9270], provides that the indictment or information must be direct and certain as it regards the particular circumstances of the crime charged. The information here is faithful to that rule for it says the appellants did break and enter, and these allegations must be sustained by the proof. To say a place or establishment (as called by the witness) was burglarized is not the equivalent of saying it was broken and entered. Whatever may have been the limited meaning of the word at common law, it has many meanings under our statute. By §§ 2578 and 2579, Rem. Comp. Stat. [P. C. §§ 8771, 8772], burglary is divided into first and second degrees. By the first section it is provided that every person who, with intent to commit a crime therein, shall enter in the night-time the dwelling-house of another wherein there is a human being—(1) being armed with a dangerous weapon; or (2) arming himself therein with such weapon; or (3) being assisted by a confederate actually present; or (4) who, while engaged in effecting such entrance, or committing any crime therein, or in escaping therefrom, assaults any person; or (5) any person who,

with intent to commit some crime therein, shall break and enter any bank, postoffice, railway express or railway mail-car, shall be guilty of burglary in the first degree. The other section, § 2579, already set out hereinbefore, defines burglary in the second degree and the different ways it may be committed, such as enter, break and enter, or break out under circumstances mentioned. Thus, considering both the character of acts and the kinds of places or establishments covered by the statutes, there are dozens of ways of committing burglary; and the question arises, what did the witness mean when he testified that his place had been burglarized. It must be by way of mere conjecture, rather than evidence, to allow the jury to find that there was any breaking and entering into the storeroom referred to, as alleged with directness and certainty in the information and as the court instructed the jury must be found beyond reasonable doubt in order to convict.

Again, for a witness to state that his place was burglarized is to give only an opinion or conclusion. The situation is similar to that in the case of *Wheeler v. State*, 42 Md. 563, which was a prosecution for keeping and maintaining a common gambling house. In holding that a witness should not be allowed to answer the question whether he had any knowledge of the defendant's keeping or having kept a gaming table or any room or place for gambling, the court said:

"To have answered the question as proposed to be asked, it would have required of the witness to form a conclusion as to the matter of inquiry that the jury alone were competent to determine. He would have been required to respond to a question of law as well as of fact; to define what constituted a gaming table, and what the keeping a room or place for gambling, within the meaning of the statute. This he was incompetent to do. His idea of a gaming table, or a place kept for gambling, may have been quite different from

the definitions of those things in the law. He should have been asked simply his knowledge of *fact* pertinent to the issue joined, without being required to form an opinion respecting the very point which the jury were to determine. Such a question would not be allowable even to an expert. 2 Taylor's Ev., 1229.''

To the same effect is the case of *Torgeson v. Hanford,* 79 Wash. 56, 139 Pac. 648, wherein of the question propounded to a police officer whether he found from inquiries made at the time of the accident that any violation had occurred of the city ordinances by the driver of the automobile with reference to the speed limit. It was held that the answer could not be given, the court saying :

''The answer to the question would necessarily involve the expression of an opinion of the officer, based upon data and facts which he had collected in his investigation. It therefore would not be a part of the *res gestae.''*

That is to say that a witness should be confined in his testimony to facts and not permitted to give simply an opinion drawn therefrom. So, in the present case, the simple conclusion or opinion of the witness that his place had been burglarized was wholly improper and immaterial, and therefore there is no testimony in this case that the storeroom was broken and entered.

There was substantial uncontradicted evidence that tires alleged to have been stolen were found in the possession of the appellants in the city of Seattle within a day or two afterwards, and it is contended on behalf of the prosecution, as we understand, that such possession, unexplained as it was, is sufficient to sustain the conviction of the defendants of the crime alleged, and a number of our cases on burglary are relied on in support of the argument. Those cases are *State v. Munson,* 7 Wash. 239, 34 Pac. 932; *State v. Norris,* 27 Wash.

453, 67 Pac. 983; *State v. Deatherage,* 35 Wash. 326, 77 Pac. 504; *State v. Royce,* 38 Wash. 111, 80 Pac. 268, 3 Ann. Cas. 351; *State v. Beeman,* 51 Wash. 557, 99 Pac. 756; *State v. Franklin,* 124 Wash. 620, 215 Pac. 29, each of which, however, was a case in which in addition to proof of unexplained possession of property shortly after the alleged burglary there was proof of the *corpus delicti,* hence the rule in this state as announced in *State v. Beeman, supra,* as follows:

"In such cases the rule is that the mere possession of stolen property without other evidence of guilt is not regarded as *prima facie* evidence of the breaking and entering, but is a circumstance to be considered by the jury with all other facts and circumstances, as disclosed by the evidence, or in determining the guilt or innocence of the accused."

This is in agreement with the general rule, 9 C. J. (Burglary), p. 1082, § 144, as follows:

"Proof of possession by defendant, shortly after the burglary, of goods stolen at the time of the burglary is to be considered by the jury, and if unexplained, and if breaking and entry by someone is shown, will be sufficient, when accompanied by other circumstances tending to connect him with the commission of the offense, to warrant a conviction, although the other evidence might not alone be sufficient."

It appears from § 144, vol. 9, C. J., just referred to, and subsequent sections, that there is some possible confusion as to the probative effect of the unexplained possession of recently stolen goods in burglary cases in the different jurisdictions, but their author in classifying this state with reference thereto very properly cites the *Beeman* case and states the rule therein as we have heretofore quoted it from that case. But, as already noticed, in that and other cases cited from this court, the *corpus delicti* was also established, and therefore convictions were upheld. In the present case,

however, we have seen there was no proof of the *corpus delicti,* and therefore the unexplained possession of the property claimed to have been stolen is not sufficient to sustain the conviction.

For these reasons the motion of appellants for a directed verdict of not guilty at the close of the state's case should have been granted.

Reversed.

MAIN, MACKINTOSH, and HOLCOMB, JJ., concur.

FULLERTON, J. (dissenting)—In my opinion, the evidence was sufficient to justify the verdict of the jury. I cannot, therefore, concur in the judgment of reversal.