[No. 18637. *En Banc.* March 18, 1925.]

## THE STATE OF WASHINGTON, *Respondent*, v. FRANK ROSSI, *Appellant*.[1]

LARCENY (23)—EVIDENCE—POSSESSION OF STOLEN PROPERTY—ADMISSIBILITY. In a prosecution for the larceny of an automobile, it is permissible to show that, within a few hours after the theft, accused was found riding in the front seat, and that it was then driven away from the scene of the crime into British Columbia and returned to the boundary line.

LARCENY (15)—CRIMINAL LAW (93)—EVIDENCE—MEANS OF COMMITTING OFFENSE—POSSESSION OF BURGLAR'S TOOLS—ADMISSIBILITY. In a prosecution for the larceny of an automobile, taken in the nighttime from the owner's garage, it is admissible to show that it was, within a few hours, found in the possession of the accused and others, who had burglar's tools in the car and on their persons.

TOLMAN, C. J., and BRIDGES, J., dissent.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered October 1, 1923, upon a trial and conviction of grand larceny. Affirmed.

*Bryan & Sampley,* for appellant.
*Edwin Gruber* and *E. D. Kenyon,* for respondent.

[1]Reported in 233 Pac. 951.

MITCHELL, J.—The defendant, with three others, was charged with the crime of grand larceny of an automobile, committed in Bellingham, Whatcom county. The other three defendants plead guilty. This defendant was tried to a jury and convicted, and was sentenced to the penitentiary and has appealed.

The testimony on behalf of the state showed that the automobile was stolen in the nighttime. Within a few hours after the theft, appellant, with his associates, drove north across the boundary line between this state and British Columbia, being absent on the other side about three hours. They took an infrequently traveled road. Upon their return early in the morning before daylight, they were arrested by United States custom officials. At that time the appellant was riding on the front seat. The officers searched the car and its occupants, finding a number of weapons and so-called burglars' tools. Some of the weapons and burglars' tools were in the car, others on the persons of the parties. Some of the articles were a sledge hammer, an electric drill and several drill points, hack saw blades and frame, punches, files and a loaded shot gun. Each of the occupants had a revolver and a pocket flash light. At the time of the arrest, appellant, while in the automobile, had a 45 automatic U. S. Army revolver at his feet and a clip of ammunition in his pocket for filling the automatic revolver. All of this evidence, other than that of the owner as to the theft of the automobile, was received over the objections of the appellant.

It is contended that the court erred in permitting the state to follow the automobile north into British Columbia and its return to the boundary line. We think the evidence was competent and proper. It showed the taking of the automobile away from the scene of the larceny. It was proof of the first time

that appellant was seen in possession of it upon its having been recently stolen, "a circumstance to be considered by the jury with all other facts and circumstances, as disclosed by the evidence, or in determining the guilt or innocence of the accused." *State v. Beeman,* 51 Wash. 557, 99 Pac. 756; *State v. Trombley,* 132 Wash. 514, 232 Pac. 326.

It is also assigned that the court erred in admitting evidence concerning the possession of the weapons and burglars' tools. Often the enterprise of stealing an automobile requires the breaking and entering of a building for which something more than a key may be needed. This automobile was taken out of the owner's garage in the nighttime. The thieves entered the building in the nighttime to commit the larceny, and within a few hours, the first time the automobile was seen, it was in the possession of the appellant and his companions, all of whom were armed, and it, this same automobile, in so short a time, was found to contain implements in common use for breaking into buildings. Nor is it other than a most common thing that those who undertake such a theft provide themselves with weapons and ammunition. Possession of these things while occupying an automobile just stolen are incidents and illustrative of the particular litigated act and, like possession of recently stolen property, may be shown as a circumstance to be considered by the jury, together with the other facts and circumstances in evidence, in determining the guilt or innocence of the accused.

Other assignments of error are without merit or are disposed of by what has already been said. The case was properly given to the jury, and finding no error in the trial, the judgment is affirmed.

MAIN, HOLCOMB, ASKREN, PARKER, and FULLERTON, JJ., concur.

MACKINTOSH, J., concurs in the result.

Bridges, J. (dissenting)—The court finds that the testimony with reference to the burglary tools was admissible as tending to show that they may have been used in stealing the car, and therefore tends to prove that theft. All of the testimony on the subject is to the effect that the car was in a garage which was unlocked and that all the thieves had to do, and all they did do, was to open the door and take the car out. The record shows that this testimony was not offered nor received for the purpose indicated by the court, but solely as tending to show that appellant contemplated committing a burglary at a place across the line in British Columbia and that he stole the car so that he could be conveyed thither in it.

Evidence concerning the commission of, or attempt to commit, another crime than that charged is admissible if it tends to connect the defendant with the crime charged. The fact that the appellant had burglar's tools in his possession might have been some evidence that he had committed, or was intending to commit, a burglary somewhere in British Columbia. But he was not charged with that offense. The finding of the tools in his possession no more tended to show that he was guilty of the crime of stealing the automobile than if a case of intoxicating liquor had been found in his possession. I cannot set the slightest connection between the finding of the tools and the theft of the car. The following cases support my view: *State v. Humason,* 5 Wash. 499, 32 Pac. 111; *Ryan v. United States,* 26 App. Cas. (D. C.) 74, 6 A. & E. Annot. Cas. 633, note to 3 A. L. R. 1213, in which many similar cases are collected. If a defendant is to be convicted only of the crime with which he is charged, the courts ought to be reasonably careful about admitting testimony concerning other distinct crimes committed, or attempted to be committed, by him. I cannot but think

that this testimony could serve no other purpose than to prejudice the jury against the appellant, and for that reason a new trial should be granted.

TOLMAN, C. J. (dissenting)—I concur in what is said by Judge Bridges.