[No. 21462. Department One. November 5, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v.
HENRY ROBERTS, *Appellant*.[1]

*Wesley Lloyd* and *Frank P. Christensen*, for appellant.

*W. J. Milroy* and *Leonard E. Top*, for respondent.

TOLMAN, J.—This is an appeal by the defendant from a conviction upon a charge of second degree burglary. The record also shows that he has a separate and independent appeal pending in this court from a conviction under the habitual criminal act, and

[1]Reported in 271 Pac. 583.

none of the questions raised on that appeal will be considered in this. The error here assigned upon the sentence to life imprisonment must therefore be left to be considered on the other appeal.

Outside of the question of the sentence, the only errors assigned are based upon the refusal of the trial court to instruct the jury to acquit, the submission of the issue to the jury and the denial of a motion for a new trial. These go to the sufficiency of the evidence only, which was largely circumstantial.

It seems to be urged that there was no evidence sufficient to take the case to the jury on the question of the breaking and entry, or on the question of the attempt to commit or the committing of the crime of taking and carrying away money and checks, as charged. The information charges that the appellant wilfully, unlawfully, feloniously, and with the intent to commit the crime of larceny therein, did break and enter a building and room wherein property was kept for use, sale and deposit

" . . . To wit: that certain building and room known as the store of the J. C. Penney Company located at 117-119 East Fifth Avenue in the city of Olympia in said county and state."

The statute, Rem. Comp. Stat., §2579, defines a second degree burglary as the entry of the dwelling house of another or the breaking and entry of any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, with the intent to commit some crime therein, or, having committed a crime therein, the breaking out of such building, room or structure.

One of the witnesses on behalf of the state, and one or more on behalf of the appellant, gave evidence from which the jury might have found that the building, charged as having been burglarized, was entered

by being opened from within, or, in the parlance of the police, was an "inside job." The state, however, presented much other evidence, which, if believed, would justify the jury in finding a breaking and entry from the outside; but, even if that had not been the case, enough was shown to have warranted the jury in finding, if that was necessary, that the appellant, or some confederate, had entered the store room prior to the close of business hours, and thereafter had feloniously taken the money and property and broken out of the building; so that we are quite satisfied that there was ample evidence upon this point to justify the verdict.

On the question of the intent to commit the crime of larceny in the building, or the commission of such crime, it seems to be urged that the evidence does not foreclose the possibility that the money was removed prior to the time which the state sought to fix as the time of its taking, by some recreant employee of the J. C. Penney Company. It is true that the evidence was not absolutely conclusive that such prior removal of the money had not taken place, but upon this point, as upon others, it was only necessary that the evidence be sufficient to convince the jury beyond a reasonable doubt.

The manager of the Penney store testified that the store was closed to the public at 8:00 P. M. on the Saturday night in question, and that he, together with other employees, then checked the sales records, made up the cash and struck a balance; that there was found to be on hand $1,184 in checks, $3,200 in currency, and about $400 in silver; that the checks were put in one package, the currency in another and the silver in still another; that the package of silver was too bulky and heavy for anyone to conceal about his person; that, when the packages were made up, they were

taken by the cashier, who went to a part of the store out of sight of those then present in the office, and secreted the money in the usual way; that all then left the store together, after having inspected the rear door and windows from the inside to see that they were securely fastened, and Mr. Morrison locked the front door by which they left; that the cashier walked home with Mr. Morrison, and Morrison testified that he knew the cashier did not then have the money on his person, and he knew that the money had not left the store at the time he locked the doors. The crime was not discovered until the afternoon of the next day, and it seems to us that, in these circumstances and the evidence of the appellant's possession of some of the checks in the early hours of Sunday morning, there was sufficient to take the case to the jury upon this point.

The third and final contention, as we understand it, is that, at the most, the evidence indicates that the appellant was in mere possession of the stolen property shortly after the crime was committed, and that such evidence alone is insufficient to sustain a conviction of burglary, under *State v. Beeman,* 51 Wash. 557, 99 Pac. 756; *State v. Trombley,* 132 Wash. 514, 232 Pac. 326; *State v. Britton,* 137 Wash. 360, 242 Pac. 377, 247 Pac. 9, but we find very much in the circumstances shown tending to couple the appellant with crime beyond the mere possession of some of the property stolen. His movements and conduct on the night in question were so unusual as to indicate that he was then engaged in some secret or unlawful enterprise. His instructions, and perhaps threats, directed to a lady friend in whose company he was, at certain periods of the evening and night in question, were not such as to indicate that he absented himself from her society for an innocent purpose. His appearing in a

neighboring city more than thirty miles distant from the scene of the crime, in the small hours of Sunday morning, shortly after the time when the crime must have been committed; the delivery to a woman of two of the stolen checks, with instructions to cash them, was so unusual as to be inconsistent with the theory of innocence. Thereafter, his concealment within the state, his departure from the state, the adopting of assumed names and the successful concealing of his whereabouts for nearly two years, are also strong circumstances for the jury's consideration. A careful perusal of the entire record abundantly establishes that there was ample evidence to justify the verdict of guilty.

On this appeal therefore the judgment is affirmed.

MITCHELL, HOLCOMB, and BEALS, JJ., concur.

FULLERTON, C. J., concurs in the result.