[No. 26092. Department One. May 11, 1936.]

THE STATE OF WASHINGTON, *Respondent*, v. GORDON LEUTY, *Appellant*.[1]

*Tom J. Leuty,* for appellant.

*John D. Evans* and *R. L. Wilkinson,* for respondent.

GERAGHTY, J.—Appellant was found guilty, by the verdict of a jury, of the crime of burglary in the second degree, and of petit larceny, upon an informa-

[1]Reported in 57 P. (2d) 1039.

tion in two counts. After denial of his motions for new trial and in arrest of judgment, sentence was imposed, committing him to the state reformatory at Monroe, and to the county jail for a term of thirty days, both sentences to run concurrently.

The appellant assigns as error the insufficiency of the evidence to sustain the verdict as to the charge of burglary, contending that there was a lack of proof of breaking and entry.

The state's evidence tended to show the following facts: On the night of May 19, 1934, between eleven and twelve o'clock, a group of young people, boys and girls, were driving to Oakesdale from Tekoa, in Whitman county. As they reached a grain warehouse along the road, they observed a touring car, of an old model with side curtains, and a truck with a blue cab standing in the road near the warehouse and headed toward the east. As the standing car and truck were in the middle of the road, the westbound car turned to the left, onto the shoulder of the road, to pass. As they passed, members of the party, who testified at the trial, recognized the appellant standing by the truck and his wife standing near the touring car. They also saw that the truck was partly loaded with filled grain sacks. It was a bright moonlight night.

The young people drove on to Oakesdale and notified Dewey Wright, the manager of the warehouse, of what they had seen. Mr. Wright, with the boys of the party, returned to the warehouse. In the meantime, the truck and touring car had disappeared. On opening the front door of the warehouse, it was found that a pile of sacked oats, stored there, had been disturbed and some of it was missing. A trail of loose oats was discovered leading from the pile in the warehouse, out through the door, and into the road where the truck had stood. When Mr. Wright had last seen

the warehouse, two days before, the pile of sacks was undisturbed and the floor cleanly swept. The warehouse had been locked. Entrance could be had only through a door, which was fastened with an ordinary padlock that could be opened with a pass-key, easily made.

Some of the oats had been resacked a short time before, necessitated by the fact that the sacks had broken and the contents spilled on the floor. In the process of resacking, some small paper bags, used as containers for rat exterminator, on the floor of the warehouse were scooped up with the grain. These paper bags had been obtained by the owner of the warehouse from New York, and this warehouse was the only one in the neighborhood using them.

After examining the warehouse, Mr. Wright and the young men followed the tracks of the truck eastward in the direction of the Idaho line. After they had gone a short distance, they met the touring car which had been seen at the warehouse and which was then driving westward. They turned around, followed and overtook this car, and recognized the driver as the wife of appellant. Returning, they again followed the tracks of the truck to appellant's home in Idaho, some thirty-five miles east of the Washington line. The truck was recognized as the one seen at the warehouse, its tracks were fresh, and the engine was warm, indicating a recent trip.

Later, about five o'clock in the morning, Mr. Wright, accompanied by a deputy sheriff of Whitman county and the sheriff of Benewah county, Idaho, visited appellant's home, where the truck was again inspected, and some loose oats found on its bed. A small barrel, partly filled with loose oats, was found in appellant's barn, by the sheriffs. On examining these oats, they were found to contain two of the small paper bags

used in the warehouse for the rat exterminator. The oats found appeared also to be of the same kind as those stored in the warehouse. Some weeks later, two piles of grain sacks filled with oats, one marked with the letters C. O. D., were found in the brush by a side road, about six miles from the warehouse in the direction of appellant's home. The pile of sacks in the warehouse had marked on them the letters C. O. D., indicating the name of the grower from whom the oats had been purchased.

The quantity of oats said to have been stolen was worth about forty dollars.

Appellant and his wife testified they had spent the whole of the night, May 19-20, at their home in Idaho.

There was sufficient evidence, if believed by the jury, to warrant them in finding a breaking and entry into the warehouse. *State v. Beeman*, 51 Wash. 557, 99 Pac. 756; *State v. Mallahan*, 66 Wash. 21, 118 Pac. 898; *State v. Franklin*, 124 Wash. 620, 215 Pac. 29; *State v. Roberts*, 149 Wash. 504, 271 Pac. 583.

The appellant assigns as error the order of the court denying his demurrer to the second count of the information, upon the ground that the charge of larceny was insufficient, for the reason that the value of the oats was stated in the aggregate, and not by the separate sack. This contention is without merit. *State v. Brew*, 4 Wash. 95, 29 Pac. 762, 31 Am. St. 904.

Appellant next contends that the court was without jurisdiction of his person because no warrant had been issued by the clerk of the superior court, after the filing of the information, and that he was taken into custody without legal process. But the record discloses the issue of warrant by the clerk of the superior court, directed to the sheriff of Whit-

man county, and the sheriff's return that he had executed the warrant by arresting the appellant.

The appellant appears to have been extradited from the state of Idaho on a warrant issued by the governor of Idaho, authorizing the rendition of the appellant to the authorities of the state of Washington.

The appellant next assigns error on the exclusion of the testimony of certain character witnesses offered by him. The appellant had lived in Idaho for three years preceding his trial. The character witnesses produced were unable to testify, of their own knowledge, to the appellant's reputation in the community in Idaho where he lived. There was no error in the exclusion of this testimony, especially as a large measure of discretion is reposed in the trial court in passing upon the competency of character witnesses.

We are unable to pass upon the appellant's assignment based upon misconduct of the prosecuting attorney in his address to the jury, since the statement of facts does not contain the remarks complained of.

Finding no error in the record, the judgment will be affirmed.

MILLARD, C. J., MITCHELL, STEINERT, and TOLMAN, JJ., concur.