[No. 30606. Department Two. January 6, 1949.]

THE STATE OF WASHINGTON, *Respondent*, v. A. ARTHUR
RIGGS, *Appellant*.[1]

*Henry Clay Agnew*, for appellant.

*Phillip Sheridan, C. P. Brownlee*, and *Harold J. Hall*, for
respondent.

[1]Reported in 201 P. (2d) 219.

SIMPSON, J.—Appellant was charged, tried, and convicted of the crime of taking indecent liberties with a female person under the age of fifteen years. His two assignments of error are, first, in admitting the evidence of one witness named Ruth Bortner, and second, in excluding evidence of four character witnesses.

The evidence showed that, October 30, 1947, appellant, a man of the age of seventy-two years, went to the vicinity of the Jefferson grade school, situated south of the city of Everett, and met the girl while she was returning home in the afternoon. He asked her to accompany him to the Broadway hotel, where he was temporarily residing. Appellant had previously met the little girl on a bus when she was traveling between Everett and Yakima. On the date mentioned, he took her to his room and took indecent liberties with her by lifting up her dress and sucking her breasts.

The evidence was sufficient to justify the jury in returning a verdict of guilty, as charged in the information. That evidence, introduced over appellant's objection, was given by Mrs. Ruth Bortner, a policewoman. Her testimony was as follows:

"Q. On or about that date [October 30, 1947] did you have an occasion to observe Jean Smith? A. Yes, sir. Q. Were you present when her body was examined in the city jail? A. I was present in your office, I believe, when we looked at her. Q. Were there any marks on her body at that time? A. Yes, there were two marks on her left breast. Q. Describe those marks, will you please, to the jury, Mrs. Bortner. . . . A. They were just the same as what I have seen my own children have when they suck their little wrists or their arms."

Appellant makes a point that the description of the marks on the girl's breasts were not subject to be explained by opinion or expert testimony. The general rule is that opinion evidence is inadmissible because irrelevant.

Our cases of *Peterson v. Seattle Traction Co.*, 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586; *State v. Burke*, 124 Wash. 632, 215 Pac. 31, and *State v. Dukich*, 131

Wash. 50, 228 Pac. 1019, support the following quotation from 32 C. J. S. 101, Evidence, § 459:

"Much effort is expended during the trial of causes to confine the testimony of witnesses to statements of what they saw, heard, or otherwise observed, as distinguished from the inferences or opinions formed as a result of such observation. The distinction is, however, one which it is in many cases impossible to draw, for the reason that the most simple statement of fact involves an element of coordination, induction, or inference, the fact and the inference being frequently so blended that they cannot be separated. The modern tendency is to regard it as more important to get to the truth of the matter than to quibble over distinctions which are in many cases impracticable, and a witness is permitted to state a fact known to. or observed by him, even though his statement involves a certain element of inference. Nonexperts may testify to facts coming under their observation although the facts are such as are ordinarily provable by experts. Questions calling for statements of fact which are susceptible of categorical denial are not objectionable as calling for conclusions."

It appears to us that the answer given by the witness, in comparing the marks on the girl's breasts with the marks on the wrists and arms of her children when small, while technically opinion evidence, was but descriptive or comparative, and did not come within the general rule relative to the giving of opinion evidence.

The record indicates that the appellant lived in Kirkland for more than twenty years before his trial. Prior to that time, he lived in Seattle for about a year, and, before going to Seattle, he had lived in Bellingham for sixteen years.

The question presented by appellant is whether the court erred in refusing to allow certain witnesses to testify concerning the character and reputation of appellant. The trial court permitted ten witnesses to testify that appellant's reputation for peacefulness, obedience to law, and morality was good. Their testimony covered appellant's reputation for a period of time covering thirty years prior to the trial. This included the time when he lived in Seattle and Kirkland. The offered evidence concerned the time appellant

lived in Bellingham, and his conduct in that city when he returned on business and social visits.

It will be remembered that the trial court has a large measure of discretion relative to the admission of evidence touching the character and reputation of defendants charged with the commission of crime. *State v. Leuty,* 186 Wash. 221, 57 P. (2d) 1039; *State v. Thomas,* 8 Wn. (2d) 573, 113 P. (2d) 73.

The rule relative to the introduction of evidence touching upon the character and reputation of a defendant is that it must be restricted to the community in which the defendant resides. *State v. Poyner,* 57 Wash. 489, 107 Pac. 181; *State v. Crockett,* 161 Wash. 262, 296 Pac. 1041; *Chellis v. Chapman,* 125 N. Y. 214, 26 N. E. 308, 11 L. R. A. 784; *Smith v. Compton,* 67 N. J. L. 548, 52 Atl. 386, 58 L. R. A. 480.

Another rule of law applying to this type of evidence is that it must not be too remote from the date of the commission of the crime. See, 22 C. J. S. 1072, Criminal Law, § 677 (b).

In *State v. Barr,* 11 Wash. 481, 39 Pac. 1080, 48 Am. St. 890, 29 L. R. A. 154, the trial court refused to allow a witness to testify as to the reputation of the "defendant from his boyhood days to the time of the" commission of the crime. Passing upon the ruling of the trial court, this court held:

"If a defendant puts in evidence as to good character, it is competent for the prosecution to show bad character, and in order that this right of the prosecution may be made effective it is necessary that the evidence on the part of the defendants should be confined to a time not too remote from the date of the commission of the crime. It would be impracticable for the prosecution in most cases to trace the life and habits of a defendant for more than a few years, and to allow him to go back to boyhood and put in proof which it would be out of the power of the prosecution to contradict, or in any manner rebut, however false it might be, would result in an advantage to the defendant which the rule in question never contemplated."

It is our opinion that the trial court did not abuse its discretion in rejecting the evidence relating to appellant's

reputation in Bellingham, because it did not relate to his reputation in the community in which he lived, and it covered a time too far remote from the date the crime was charged to have been committed.

Finding no error, we affirm the judgment of the trial court.

MALLERY, C. J., ROBINSON, and SCHWELLENBACH, JJ., concur.