[No. 23802. Department Two. November 4, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. ANDREW BOBINSKI, *Appellant.*[1]

*Charles H. Miller,* for appellant.

*Robert M. Burgunder* and *R. L. Bartling,* for respondent.

HERMAN, J.—Defendant was charged with burglary in the second degree. The information set forth two counts, the first of which charged:

"He, said Andrew Bobinski, in the county of King, state of Washington, on or about the 17th day of November, A. D. 1931, with intent to commit a crime therein, wilfully, unlawfully, feloniously and burglariously did enter the dwelling house of one E. L. Granston, situated at number 807 East 85th St., in the city of Seattle, said county and state. . . ."

The charge set forth in count 2 was:

"He, said Andrew Bobinski, in the county of King, state of Washington, on the 15th day of November, A. D. 1931, with intent to commit a crime therein, wilfully, unlawfully, burglariously and feloniously did

Reported in 15 P. (2d) 691.

enter the dwelling house of Oscar Nygren, situated at number 5446 41st Ave. S. W. in the city of Seattle, said county and state. . . ."

The defendant pleaded not guilty. A trial in the superior court before a jury resulted in a verdict of guilty on both counts. From a judgment of guilty entered on the verdict, defendant has appealed.

Appellant makes three assignments of error: First, the court erred in denying appellant's motion for an instructed verdict at the close of the state's case; second, the court erred in denying appellant's motion for an instructed verdict at the close of the trial; and third, the court erred in denying appellant's motion for a new trial. These various assignments of error raise in this case only the question whether there was sufficient evidence to justify a verdict of guilty on each of the two counts with which appellant was charged.

There was no direct testimony that appellant entered either of the two dwelling houses mentioned in the information, or that he had ever been seen in the immediate neighborhood of those buildings. It is contended that, if appellant be guilty of any crime, it is the crime of having in his possession stolen goods, and that there is not sufficient evidence in connection with either count in the information upon which to predicate a conviction of burglary.

There was evidence that both houses had been broken and entered, and that personal property had been wrongfully taken from each of the homes. The proprietor of the pawnshop in which most of the property taken from the Nygren home was found, testified that the property was pawned by appellant November 16, at about eleven o'clock A. M., less than twenty-four hours after it had been stolen. At the trial, appellant denied this, and swore that he had never had possession of the property.

When appellant was arrested, he was wearing the suit stolen from the Granston home, and the jewelry taken therefrom was in appellant's pockets. This arrest occurred within twenty-four hours after the Granston home had been broken and entered. Appellant's testimony with reference to the stolen property found on him was that, late in the night of November 17-18, 1931, he had purchased the suit for two dollars in a pool room near First avenue and Washington street; that he had no knowledge the jewelry was in the pockets of the suit when he bought it, and the jewelry was first discovered when he wore the suit the morning after purchasing it.

Police officers testified that, shortly after his arrest, he had explained the possession of Mr. Granston's suit by claiming to have been its owner for eight months. He also claimed to have been the owner of the cuff buttons, and to have bought the Granston ring from a man on the street the morning of his arrest. After Mr. Granston called at police headquarters and identified his property, appellant changed his story to what was substantially his testimony at the time of the trial.

In the case of *State v. Beeman,* 51 Wash. 557, 99 Pac. 756, there was before the court the question whether the evidence was sufficient to justify a conviction of burglary. There was in that case, as there is in the case at bar, ample evidence of the breaking and entry, and the question before the court was the same as that with which we are now confronted: Was the evidence sufficient to warrant a finding by the jury that the appellant was guilty of the crime of burglary, the gist of which is a breaking and entering with intent to commit some crime? In the course of its opinion, the court said:

"The fact that property identified as belonging to the complaining witness was found at the home of the

appellant might be insufficient in itself to warrant the verdict, but there was evidence tending to show that the property, a feather bed, was not only in the possession of the appellant, but that the feathers had been removed and the tick concealed from casual observation in a barrel of dirty clothes; that appellant had in his possession several flour sacks partially filled with feathers; that he endeavored to toll an officer, who held a search warrant, out of the house on pretense of going to the cellar, after a word in a whispered undertone to his wife; that appellant and his wife first denied possession of the feather bed, and upon discovery of the tick, made conflicting statements to the officer; that tracks of a two-wheeled cart drawn by two horses were discovered in front of the house upon the return of the owner; that the cart had been stopped and from it foot tracks led to and from the house; that the cart tracks were followed for some distance in the direction of appellant's home; that the appellant was the owner of, and frequently drove about the country in, a two-wheeled cart drawn by two horses, and was seen in the vicinity of the house burglarized about the time the burglary must have occurred. The bed tick was positively identified by the person (a sister of the complaining witness) who made it. The case here presented is not nearly so strong in favor of appellant as was the case of *State v. Munson*, reported in 7 Wash. 239, 34 Pac. 932, where this court sustained a conviction; and as to the first assignment of error we are willing to rest this case upon that authority."

In the case at bar, there was evidence that goods taken from the houses broken and entered were found in the appellant's possession. There was testimony offered in support of the charge set forth in the first count from which the jury was warranted in believing that appellant offered contradictory explanations as to how he came into possession of the stolen property. Proof of a breaking and entry, plus proof of possession of goods stolen from the premises broken and entered, coupled with contradictory explanations by the party

found in possession of the stolen goods shortly after the burglary, is sufficient to constitute a *prima facie* case of burglary against the party found in possession of the goods wrongfully taken from premises which have been broken and entered.

There was evidence in connection with the second count that appellant had been in possession of, and had pawned, goods taken from the premises broken and entered within twenty-four hours after the burglary had been committed. This was denied by appellant, who claimed he had never pawned the goods or been in possession of them. Such denial on the part of appellant is inconsistent with the theory that he was rightfully in possession of the property which had been stolen. Proof that the premises were broken and entered, plus evidence that appellant was in possession of the stolen goods shortly after the burglary, coupled with a denial by appellant that he had been in possession of such goods, is sufficient to establish a *prima facie* case of burglary.

Judgment affirmed.

TOLMAN, C. J., STEINERT, MAIN, and BEALS, JJ., concur.