[No. 32813. Department One. November 30, 1954.]

THE STATE OF WASHINGTON, *Respondent*, v. EARL WILLIAM JESTER *et al.*, *Appellants.*[1]

*Yothers, Luckerath & Dore, John F. Dore,* and *Robert M. Elias,* for appellants.

*Charles O. Carroll* and *Murray B. Guterson,* for respondent.

MALLERY, J.—The Georgetown Radio and Television Company, at 986 Vale street, Seattle, was burglarized some time between six o'clock on the evening of May 26, 1953, and the following morning at 11:45. A number of radios and television sets were taken.

At about four o'clock p. m., on May 27, 1953, a deputy sheriff and a state patrolman were investigating a minor automobile accident near Kelso, Washington, about one hundred thirty-nine miles from Seattle. One of the cars involved was defendant Olson's 1940 Chevrolet coupe. He

[1]Reported in 277 P. (2d) 331.

was accompanied by defendant Jester. Olson was at the scene of the accident when the officers arrived. Jester had gone for a tow car. The officers examined the Chevrolet and found two television sets partially concealed behind the front seat. In the trunk, among other miscellaneous merchandise, they found five radios. These articles had been taken from the burglarized store.

Olson told the officers at the scene of the accident, that the television sets belonged to Jester, who was taking them to his father and father-in-law in Kelso. He said he knew nothing about the radios in the trunk of the car. Later, in Seattle, when questioned by city detectives, Olson said that one television set and a small radio were being taken to Jester's father in Kelso. He immediately added that, if the officers would look in his house trailer, in Seattle, they would find two other radios "that belonged with this bunch of radios."

The state claims defendant Olson's statements are inconsistent because, at the scene of the accident, he denied any knowledge of the radios in the trunk of the car, but, in Seattle, he said one of the small radios was being taken to Jester's father in Kelso.

When Jester returned to the scene of the accident after calling a tow car, he stated to the officers that he had purchased the two television sets from a store in Seattle about three weeks past, and that he had no knowledge of the radios that were found in the trunk of the car. In Seattle, he said he did not know anything about either the radios or the television sets which he had previously said he had purchased.

The defendants did not testify at their trial and were both convicted by a jury of burglary in the second degree, from which they appeal.

It should be noted that the appellants herein were not charged with larceny. Some of the circumstances relied upon by the state to prove burglary, such as Olson's flight from the scene of the accident some time after the officers arrived, and the partial concealment of the television sets with a blanket, are cogent evidence of guilty knowledge

that the goods were stolen, but not of burglary. The convictions of the charge of second degree burglary are based entirely upon circumstantial evidence.

Appellants assert that mere possession of recently stolen property does not constitute *prima facie* evidence of *burglary*. *State v. Roberts,* 149 Wash. 504, 271 Pac. 583. With this the respondent agrees, but asserts that possession accompanied by inconsistent statements as to the source of goods recently taken in a burglary, does constitute a *prima facie* case. *State v. Bobinski,* 170 Wash. 120, 15 P. (2d) 691. With this the appellants agree, with the qualification, however, that the rule has been applied to single defendants, but never to *two* defendants who had equal opportunity to commit the burglary. The state now seeks, in effect, to have the rule extended to include more than one defendant.

■ Where two or more persons are found in possession of stolen property, and each makes inconsistent statements as to its source, we are confronted with a conjecture not present in the case of a single defendant. An hypothesis that the burglary was committed by one of the defendants separately, is as reasonable as that they committed the burglary jointly. In which case, the other defendant would not be guilty. Such a conjecture regarding which defendant committed the burglary, leaves the guilt of each in doubt. We, therefore, decline to extend the applicability of the rule to several defendants.

The judgment is reversed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.