[No. 24746. Department One. December 13, 1933.]

THE STATE OF WASHINGTON, *Respondent*, v.
PAUL CASSEL CHUBB, *Appellant*.[1]

*W. B. Mitchell,* for appellant.

*Chas. W. Greenough* and *Frank Funkhouser,* for
respondent.

MAIN, J.—The information in this case contains two
counts. In the first, the defendant was charged with
the crime of sodomy, committed by the mouth upon a
male person therein named. The second count is like
the first, except as to the date and the person upon

[1]Reported in 27 P. (2d) 689.

whom the offense was committed. The case came on for trial before the court and a jury, and at the conclusion of all the evidence the defendant moved that the case be taken from the jury on the ground that the evidence was not sufficient to sustain a conviction; which motion was overruled. The cause was submitted to the jury, and the defendant was found guilty upon both counts. Motion for new trial being made and overruled, judgment and sentence were entered, from which the defendant appeals.

It is first contended that the evidence was not sufficient to sustain a conviction. Each of the complaining witnesses testified, unequivocally, to the acts committed upon them. Rem. Rev. Stat., § 2456, provides that every person who shall carnally know any male or female person with the mouth or tongue shall be guilty of the crime of sodomy, and that the one voluntarily submitting to such act shall likewise be guilty. Even though, under the statute, the complaining witnesses were accomplices, their testimony, nevertheless, was sufficient to sustain a conviction. It is not required in this state that the testimony of accomplices be corroborated before a conviction can be had, as this court has adhered to the rule that no corroboration is necessary. *State v. Mallahan,* 66 Wash. 21, 118 Pac. 898; *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989.

The appellant seeks to escape the force of that rule and the numerous authorities supporting it, only two of which have been cited, on the ground, as he claims, that the complaining witnesses testified under inducements, and that, therefore, corroboration was necessary. To this, there are two answers: One that there is no evidence in the record from which the jury could have found or inferred that any inducements had been made to the witnesses; on the other

hand, if corroboration be necessary, a question which we do not decide, when a witness testified after inducements have been made, there is such evidence in the record in this case. There is nothing in the case which brings it within the holding of the case of *Edwards v. State,* 2 Wash. 291, 26 Pac. 258. The trial court did not err in refusing to withdraw the case from the jury.

It is next contended that the appellant's requested instruction No. 3 should have been given, and that it was error to refuse it. This proposed instruction was based on the assumption that the complaining witnesses testified under inducements or promises held out to them by the prosecuting attorney, and was properly refused, because, as already pointed out, there is no evidence from which the jury could have found inducements or promises.

It is next contended that, during the argument to the jury, the deputy prosecuting attorney, who tried the case, was guilty of misconduct. The opening argument by the deputy prosecuting attorney and the closing argument appear in the statement of facts, but the argument of the defendant's counsel does not appear. There are a number of objections made to the argument, but we shall only notice the one which appears to us to be the most serious and which occurred during the closing argument.

In this argument, it was stated that the mother of one of the complaining witnesses had intercepted a letter that led to the arrest of the appellant. To this statement, an objection was made, and the court stated that there was no evidence about any letter and directed the deputy prosecuting attorney to confine himself to the evidence. The deputy prosecuting attorney stated that it was in the record, and the attorney for the appellant then stated that there is ''no evidence

in the case about that at all." The deputy prosecuting attorney then said that he would leave "it to the jury about a letter being intercepted." There was, in fact, no such letter as that referred to introduced in evidence.

The reference to it by the deputy prosecuting attorney and the insistence that it was in the record were not proper, and the statements should not have been made. The reference to the letter, however, was of one that led to the arrest, and did not bear upon any material fact with reference to the guilt or innocence of the appellant. The jury, when they deliberated upon the case, would know that there was no letter in the record, and that the statement of the deputy prosecuting attorney with reference to that letter was not sustained.

The trial court, in its instructions, expressly told the jury that statements made by the attorneys during the trial or in their arguments were not evidence, and should not be considered as such, and that their statements of what the evidence was should be disregarded, unless such statements accord with the jury's recollection of the evidence. This instruction was, in substance, repeated once or more during the argument when objection was made. The statement of counsel, not being with reference to one of the vital issues upon the trial, we think, was cured by the instructions of the court, and there was no prejudicial error in this regard.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.