[No. 13963.  Department Two.  August 14, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY E. DOTSON, *Appellant*.[1]

BURGLARY—EVIDENCE—IDENTIFICATION. In a prosecution for burglary, a general identification of the accused, as, in witness' best belief, the man who had been seen with a stolen car, is sufficient without proof of particular marks or peculiarity.

BURGLARY—EVIDENCE—SUFFICIENCY. A conviction of burglary is sustained by evidence that a garage was broken open and a car stolen therefrom on the night of defendant's arrival at the place, that the car was tracked to and abandoned at S. early the next morning, after a hard trip, having stopped enroute at a garage, and the accused was identified as the man who had driven it there, and that he left S. that day, having in his possession a number of automobile keys for different makes of cars.

CRIMINAL LAW—EVIDENCE—ADMISSIBILITY. In a prosecution for burglary of a garage and stealing a car, it is admissible, as part of the circumstantial evidence, to introduce the license plates found on the car which had been changed to prevent identification; the clothing worn by the accused, for the purpose of comparison to aid a witness in identifying accused as the driver of the car; and keys of various automobiles, found in the possession of the accused, in the nature of criminal tools and implements constituting a suspicious circumstance.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered July 8, 1916, upon a trial and conviction of burglary.  Affirmed.

*Flick & Frater* and *Coleman & Gable*, for appellant.

*A. R. Hilen* and *R. V. Welts*, for respondent.

HOLCOMB, J.—The first and second complaints of appellant of the judgment against him are that the evidence was insufficient to justify the verdict of guilty, and that the trial court erred in refusing to direct a verdict in his favor.

Appellant was charged with having, in Skagit county, Washington, on April 19, 1916, wilfully, unlawfully, and

[1]Reported in 166 Pac. 769.

feloniously broken and entered a building, to wit, a barn and garage, wherein property, to wit, an automobile, was at the time kept for use and deposit, with intent to commit a crime therein, to wit, the taking of an automobile and motor vehicle without the permission of the owner, the barn and garage at the time being the property of another, to wit, one E. G. English.

The evidence was chiefly circumstantial. There was evidence that the automobile was in the garage on the night in question; that the garage was locked; that the lock was broken, the door opened, and the car removed therefrom during the nighttime without the knowledge of the owner. This sufficed *prima facie* to prove a burglary by some one. It was further shown, that the garage was situated in Mount Vernon, and that appellant, a fireman employed by the Great Northern Railroad Company, traveled from Seattle on the evening of April 19 on an employee's pass of that railroad, upon which he obtained passage from Seattle to Bellingham, but left the train at Mount Vernon at about 8:35 p. m. The car which was taken was a Studebaker-Six. It had on it at the time three non-skid and one smooth-case tire. The smooth-case tire was on the right front wheel. The loss of the car was discovered early in the morning of April 20. The owner and an officer started in pursuit of it immediately and, as there had been a rain that night and the car could easily be tracked by its tires, they tracked it and found that it stopped at a place on the Pacific highway called Sylvana, and at a garage at that place. They tracked it continuously into Seattle, and on the morning of the 20th, it was found in Seattle, abandoned at the road side and showing all evidences of a hard trip. On the morning of April 20, at a very early hour, before daylight, a person driving a Studebaker-Six stopped at the garage in Sylvana, awakened the keeper, and procured gasoline. On the morning of the 20th, appellant presented himself at the Great Northern depot in Seattle, and took a train leaving there at eight a. m. for Bel-

lingham. When arrested, appellant had in his possession a
number of automobile keys for different makes of automo-
biles. After arrest, upon being taken to Sylvana, the keeper
of the garage where the Studebaker-Six had stopped on the
night of April 20 immediately recognized and identified ap-
pellant as the man who had driven it.

I. Appellant insists that the identification by the keeper
of the garage was not definite and positive. We think it was.
It was not necessary for him to identify any particular mark
or peculiarity of the man. It is sufficient if he was able to
identify him generally as, in his best belief, the man who had
been there with the car on the night in question.

Appellant also insists that these circumstantial facts fall
far short of proving that appellant is the man who broke and
entered the garage; that mere possession of the property
taken is not proof of the breaking and entering.

"It is seldom that burglary can be proved by the direct
and positive evidence of witnesses who have knowledge of the
actual breaking and entry. The inference of guilt in most
instances has necessarily to be drawn from other facts satis-
factorily proved. The sufficiency of the evidence in any case
belongs exclusively to the jury; the competency of the evi-
dence is to be determined by the court." 4 R. C. L., p.
442, § 37.

"Every essential element of the offense charged must be
proved, and it must be shown beyond a reasonable doubt
that the offense was committed by the defendant. The evi-
dence, however, need not be direct. Circumstantial evidence
is sufficient if it excludes, beyond a reasonable doubt, every
other hypothesis except that of the defendant's guilt." 6
Cyc. 240-241.

See, also, *State v. Norris,* 27 Wash. 453, 67 Pac. 983.

Possession of the recently stolen property taken by a
burglar is a circumstance which, if unexplained, tends to
establish the crime and fix the guilt.

Tested by these rules, we are satisfied that the circum-
stances were such that, if the jury believed the evidence

thereof, every link in the chain necessary to connect defendant with the crime charged and prove the commission of the crime was shown. Hence there was sufficient evidence to establish the commission of the offense and to connect the appellant with it and to justify the verdict; and consequently the court could not direct a verdict in favor of the appellant.

II. The third error claimed by appellant is upon the admission of evidence, excepted to at the time and referring to three things: (1) The introduction of certain license plates found on the car which had been taken; (2) improper identification of clothing worn by appellant and improper admission of the same into evidence; and (3) improper admission into evidence of the keys taken from the person of appellant. As to the license plates found upon the stolen car, they were found at the time it was discovered in Seattle and they were not the plates which belonged to the car. They were properly introduced in evidence and were material to show the condition of the car when found, and that the license plates belonging on the car had been changed in order, manifestly, to prevent identification of the car. They were material parts of the circumstantial evidence in the case. The garments introduced in evidence were identified by an officer as the hat and coat worn by appellant when he was brought back from Seattle. They were introduced for the purpose of comparison by the keeper of the garage where the man with the Studebaker-Six stopped in the early morning of April 20, and were a part of the circumstantial evidence connected with the identification of the man. They were properly received. The keys were also proper and competent evidence as tending to show that appellant was in possession of the keys with which he could make use of several different kinds of automobiles, were in the nature of criminal tools or implements, and constituted a suspicious circumstance. Such evidence is always admissible. 6 Cyc. 239; *Commonwealth v. Williams*, 2 Cush. (Mass.) 582.

III. The determination of the preceding questions in effect disposes of appellant's assignment on the refusal of the trial court to grant his motion to set aside the verdict.

IV. The fifth and sixth claims of error relate to discussion of stricken testimony in the argument of counsel for the state and the refusal of the court to instruct the jury to disregard the same. An examination of the record discloses that the prosecuting attorney made no reference in argument to the stricken testimony, and that his argument related solely to testimony as to which no motion had been made and no ruling by the court thereon. The testimony referred to by him was proper, relevant, and competent evidence.

There is no error. Affirmed.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.