[No. 17627.    Department Two.    May 10, 1923.]

# The State of Washington, *Respondent*, v. John · Franklin *et al., Appellants.*[1]

CRIMINAL LAW (195)—TRIAL—SEPARATE TRIAL OF CODEFENDANTS —DISCRETION OF COURT. Rem. Comp. Stat., § 2161, expressly makes it discretionary whether the trial court shall require separate trials for two or more defendants jointly charged.

BURGLARY (19)—EVIDENCE—SUFFICIENCY. The evidence sustains a conviction of burglary of two defendants jointly charged with two others with burglarizing a bank, where one of them accompanied another defendant who, on the same afternoon, sold one of the stolen liberty bonds, and also wore boots with lettered rubber heels corresponding to fresh tracks in the snow at the bank; and the other was the owner and in possession of an automobile in which burglar tools were found, and which had tires and peculiar chains corresponding to the tracks in the snow made at the bank that night.

SAME (19). The evidence is insufficient to sustain a conviction of one of four, charged with a bank burglary, where the only evidence to connect him with the offense is that he was, at the time of the arrest, with one of the other defendants who owned the automobile used by the burglars.

SAME (5)—INFORMATION—SUFFICIENCY—DESCRIPTION OF BUILDING. An information is sufficient where it charges burglary in the language of Rem. Comp. Stat., § 2758, subd. 5, embracing the breaking and entry of any bank . . . with intent to commit some crime, without alleging the ownership of the bank mentioned.

CRIMINAL LAW (244, 245)—TRIAL—MISCONDUCT OF COUNSEL— CURE BY INSTRUCTIONS. An improper statement of the prosecutor in asking defendant, accused of bank robbery, if an acquaintance of his is not serving time in the penitentiary for bank robbery, is not so prejudicial that it cannot be cured by immediately instructing the jury to disregard it.

· Appeal from a judgment of the superior court for Grant county, Hill, J., entered April 12, 1922, upon a trial and conviction of burglary. Reversed as to one defendant; affirmed as to the others.

[1]Reported in 215 Pac. 29.

*Don F. Kizer* and *Joseph J. Lavin*, for appellants.

*N. W. Washington*, for respondent.

PEMBERTON, J.—The appellants were found guilty by verdict of the jury of the crime of burglary in the first degree, and appeal from the judgment and sentence pronounced against them.

Counsel for appellants assign a number of errors. Among them the contention is made that the court erred in refusing to grant defendants separate trials; in admitting certain evidence offered on behalf of the state; in denying motion to dismiss at the close of the state's evidence; in refusing to direct a verdict in favor of the appellants.

On the morning of December 24, 1921, it was discovered that the Warden State Bank at Warden, Washington, had been broken into. Appellants were charged by information with the crime of burglarizing the bank. Tracks in the snow indicated that two persons had committed the offense, and had left in an automobile having chains upon the rear wheels quite different from the ordinary and usual tire chains.

On the afternoon of December 24, 1921, the defendant O'Neal sold three liberty bonds to a Spokane pawnbroker. About six o'clock in the afternoon of the same day he returned and sold another bond, which bond was identified as one of the liberty bonds stolen from the bank. Appellant Harris remained outside the pawn shop while O'Neal made these sales and thereafter accompanied him to a pool hall, where they were arrested.

On January 1, 1922, appellants Gates and Franklin were arrested in Portland upon the charge of having an automobile without a proper license. The automobile was the property of appellant Gates and had

chains and tires corresponding to the tracks of the automobile the night of the burglary.

The question as to whether or not the defendants should have been granted separate trials is one within the discretion of the trial court.

"When two or more defendants are indicted or informed against jointly, any defendant requesting it may, in the discretion of the trial judge be tried separately." Rem. Comp. Stat., § 2161.

Appellant Harris was with O'Neal, who had in his possession, on the afternoon of the day of the burglary, a liberty bond stolen from the Warden State Bank, and was wearing shoes with the letters K-E-R upon the rubber heels similar to those shown in the tracks in the snow leading from the place of the burglary. Appellant Gates was the owner, and had in his possession at the time of the burglary, the automobile used by the burglars, in which automobile were found certain burglar's tools. Appellants contend that these circumstantial facts are not sufficient in themselves to connect appellants with the crime charged.

"The state may show possession of the stolen property by defendant jointly with another, particularly where they are jointly indicted and tried. And the possession of another than defendant may be shown if a conspiracy between them is proved, or if there is evidence tending to connect them as accomplices, . . ." 9 C. J. 1072.

" . . . proof of unexplained possession by defendant shortly after the burglary is not *prima facie* proof that he committed the burglary, but that it is alone sufficient to authorize the jury to convict if they are convinced of his guilt beyond a reasonable doubt under all the circumstances." 9 C. J. 1082.

This seems to be the rule in this state. *State v. Beeman*, 51 Wash. 557, 99 Pac. 756; *State v. Dotson*, 97 Wash. 607, 166 Pac. 769. The court properly denied

the motion to dismiss, made at the conclusion of the state's case by appellants Gates and Harris.

The only evidence connecting appellant Franklin with the offense is the fact that he was with Gates at the time of the arrest in Portland, Oregon. This evidence alone is not sufficient to connect him with the crime charged, and the motion made at the conclusion of the state's case requesting the action to be dismissed as to appellant Franklin should have been granted. .

The contention is made that the information is defective in that it does not allege ownership of the building burglarized.

Section 2578, Rem. Comp. Stat. [P. C. § 8771], defining burglary, reads as follows:

"Every person who, with intent to commit some crime therein, shall enter in the night-time, the dwelling house of another in which there shall be at the time a human being—

"(1.)   Being armed with a dangerous weapon; or

"(2.)   Arming himself therein with such weapon; or

"(3.)   Being assisted by a confederate actually present; or

"(4.)   Who, while engaged in the night-time in effecting such entrance, or in committing any crime in such building or in escaping therefrom, shall assault any person; or

"(5.)   Who, with intent to commit some crime therein, shall break and enter any bank, postoffice, railway express or railway mail-car, shall be guilty of burglary in the first degree and shall be punished by imprisonment in the state penitentiary for not less than five years."

We are satisfied that subd. 5 of this law contains all the essential elements of the crime of burglary in the first degree, and since this information alleges the crime in the language of the statute it is sufficient.

In the case of *People v. Mendoza*, 17 Cal. App. 157, 118 Pac. 964, the court said:

"The ownership of the building was immaterial, except for the purpose of affording a means of its identification.    This was done by alleging it to be a toolhouse located at Lemoyne street and Marcom avenue in the city of Los Angeles.   In the absence of proof that there was more than one such building so located, such description was sufficient, and fully appraised defendant of the house he was charged with feloniously entering; hence the allegation of ownership was surplusage."

See, also, *State v. Wilson*, 36 S. D. 416 155 N. W. 186; *State v. Jelinek*, 95 Iowa 420, 64 N. W. 259; *Commonwealth v. Perris*, 108 Mass. 1; *State v. Davis*, 138 Mo. 107, 39 S. W. 460; *State v. Mish*, 36 Mont. 168, 92 Pac. 459, 122 Am. St. 343.

Appellants complain of the cross-examination of appellant Gates by the prosecuting attorney.   After asking several questions with reference to his acquaintance with one Jimmie Hyland, the prosecuting attorney asked:   "As a matter of fact, Hyland is now serving time at Walla Walla for bank robbery, isn't he?" Counsel for appellant objected to the question.   The objection was sustained and the court immediately instructed the jury that they should not consider the statement of the prosecuting attorney.   The statement of the prosecuting attorney, while improper, was not so prejudicial that it could not be cured by this instruction immediately given.   A statement "while improper, is not so prejudicial that it was not cured by an immediate instruction to the jury to disregard the remarks and warning the prosecutor to keep within the record."    *State v. Ackerman*, 90 Wash. 198, 155 Pac. 743; *State v. Manville*, 8 Wash. 523, 36 Pac. 470.

The court properly admitted exhibit number 1, the

liberty bond in question. Whether this liberty bond sold by O'Neal was the one taken from the bank on the night of the burglary was a question of fact for the jury to determine.

As to the appellant Franklin, the judgment of the trial court is reversed and the action dismissed. In all other respects the judgment is affirmed.

MAIN, C. J., TOLMAN, MACKINTOSH, and FULLERTON, JJ., concur.