[No. 22190. Department One. June 5, 1930.]

THE STATE OF WASHINGTON, *Appellant*, v. JOSIE BURNETT, *Respondent*.[1]

*G. E. Clark,* for appellant.
*Snively & Bounds,* for respondent.

TOLMAN, J.—Respondent was charged by information with the offense of possession of intoxicating

[1]Reported in 288 Pac. 918.

liquor with intent to sell. On a plea of "not guilty," she was tried, and, by the verdict of the jury, found guilty as charged. Thereupon a motion in arrest of judgment was interposed, upon the ground that no proof had been offered tending to show guilt of the crime charged. This motion was granted, and the state has appealed.

▉ The motion appears to have been based upon subdivisions 3 and 4, of Rule IX of this court, 140 Wash. xli (Rem. 1927 Sup., § 308-9), which reads:

"3. Judgment may be arrested on the motion of the defendant for the following causes:

"(1) No legal authority in the grand jury to inquire into the offense charged, by reason of its not being within the jurisdiction of the court;

"(2) That the facts as stated in the indictment, do not constitute a crime or misdemeanor;

"(3) That there has been no proof of some element of the crime for which the defendant has been tried, whether the trial was upon indictment or information.

"4. When judgment is arrested in any case and there is reasonable ground to believe that the defendant can be convicted of an offense properly charged, the court may order the defendant to be recommitted or admitted to bail anew to answer a new indictment or information; provided, that, if judgment was arrested because there was no proof of some element of the crime for which the defendant was tried, the defendant shall be dismissed."

*State v. Davis,* 137 Wash. 288, 242 Pac. 31, was decided before the adoption of the rule just quoted, and prior to the enactment of Rem. 1927 Sup., § 2183-1, but that case recognizes that the office of such a motion is to test the sufficiency of the evidence to take the case to the jury, and we think the rule must be construed as intended to accomplish that very same purpose. The later statute (Laws of 1925, Ex. Ses., p. 423, § 7),

§ 2183-1, *supra,* gives the state the right of appeal from an order "arresting judgment on any ground," and, since the rules have not abrogated that provision of the statute, it must be held that it was intended that the statute should continue to apply. Hence, the state undoubtedly has the right of appeal in this case.

The motion is somewhat broad in that it challenges the proof upon every element of the crime charged, and we have therefore been obliged to study and weigh all of the evidence offered. After doing so, we feel obliged to follow the ruling of the trial court. The evidence of the state showed a possibility of guilt, and perhaps was sufficient to arouse suspicion, but there was nothing of a direct or substantial character, and nothing in the conditions and circumstances shown was inconsistent with innocence.

The judgment is affirmed.

MITCHELL, C. J., BEALS, and MILLARD, JJ., concur.

PARKER, J., concurs in the result.