[No. 26797.   Department One.   November 26, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. H. R. KNIZEK, *Appellant*.[1]

[1]Reported in 73 P. (2d) 731.

*Lynwood W. Fix* and *Edward A. Clifford,* for appellant.

*Paul O. Manley,* for respondent.

STEINERT, C. J.—Defendant was convicted by a jury upon an information charging him with the crime of burglary in the second degree. Motions in arrest of judgment and for a new trial were denied, and judgment of conviction and sentence was entered, from which this appeal was taken.

Under his several assignments of error, appellant contends that the court erred in two respects: (1) In permitting the state to amend the information after all the evidence was in, and (2) in denying appellant's motions in arrest of judgment and for a new trial.

The information charged:

"That he, the said defendant, H. R. KNIZEK, in the County of Grays Harbor, State of Washington, on or about the 11th day of June, 1936, then and there being, did then and there wilfully, unlawfully and feloniously, under circumstances not amounting to burglary in the first degree, break and enter a certain warehouse, belonging to the Union Oil Company of California, ·and located on the Olympic Highway, approximately two miles east of Elma, Washington, said building being one wherein personal property was kept for use, sale or deposit."

The information as drawn was based on Rem. Rev. Stat., § 2579 [P. C. § 8772], defining burglary in the second degree, but it did not allege that the act was done "with intent to commit some crime therein," as provided in the statute.

So far as the record discloses, no attack was made upon the information by preliminary motion or demurrer. In fact, no one was aware of the defect in the

pleading until the trial judge discovered it, after he had entered upon the reading of his instructions to the jury. When the court called counsel's attention to the matter, the prosecuting attorney, in the absence of the jury, moved that the information be amended to include the words "with intent to commit some crime therein." The court granted the motion, but offered appellant the alternative of moving for continuance or putting in additional evidence. The offer was not accepted. Appellant, nevertheless, now contends, in his first assignment of error, that the action of the court in permitting the amendment constituted reversible error.

The gist of the crime of burglary, as defined by the statute, is the breaking and entering of any one of certain specified buildings with intent to commit a crime therein. *State v. Beeman,* 51 Wash. 557, 99 Pac. 756; *State v. Trombley,* 132 Wash. 514, 232 Pac. 326. However, by the express provision of Rem. Rev. Stat., § 2580 [P. C. § 8773], one who unlawfully breaks and enters any of such buildings shall be deemed to have done so with intent to commit a crime therein, unless such unlawful breaking and entering "shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

In addition to the statutory presumption, there was sufficient evidence in this case, admitted without objection, to warrant the jury in finding that appellant, after breaking and entering the building, had stolen property therefrom.

A motion in arrest of judgment serves the purpose of a demurrer, even after trial and verdict (*State v. Dalzell,* 135 Wash. 621, 238 Pac. 635), and, also, the purpose of testing the sufficiency of the evidence to take the case to the jury (*State v. Burnett,* 157 Wash. 288, 288 Pac. 918). At the time of the decision in the

*Dalzell* case, *supra,* the rule in this state was that a defective information or indictment could not be cured by testimony.

At the time of the decision in the *Burnett* case, *supra,* that rule had been changed by Rule of Practice IX (Rem. Rev. Stat., § 308-9 [P. C. § 8676-12]), which this court adopted under express legislative authority. Rule IX provides, in part, as follows:

"(2) At any time before or during trial the court may permit the amendment of an information and permit proof to be offered in support thereof, and if the defendant shows to the satisfaction of the court that he would thereby be misled, the court shall make such order as shall secure to the defendant full opportunity to defend. An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant would thereby be prejudiced in a substantial right."

In *State v. Alexander,* 167 Wash. 15, 8 P. (2d) 298, a situation very similar to that in the case at bar was presented, and it was there held that an amendment at the close of all the testimony was permissible under Rule IX if defendant were afforded an opportunity to introduce additional evidence. In *State v. Vaughan,* 163 Wash. 681, 1 P. (2d) 888, an information was considered as amended to conform to the evidence introduced without objection, it appearing that the defendant had not been prejudiced in any substantial right; and in *State v. Smiley,* 167 Wash. 342, 9 P. (2d) 370, the right to amend an information under the provisions of Rule IX was again upheld.

We are of the view that this case, in the light of the evidence and the burglary statutes above quoted, comes within the provisions and spirit of Rule IX, and that appellant was in no wise prejudiced in any substantial right by the allowance of the amendment.

■ Under his second assignment of error, appellant contends that the evidence failed to identify either the ownership or the location of the building alleged to have been burglarized.

We have already quoted the charging part of the information. The evidence showed beyond question that the warehouse which had been burglarized belonged to the Union Oil Company, although it did not specifically show whether the Union Oil Company was a corporation or a copartnership. The evidence also established the location of the warehouse by description and by distances and directions from certain fixed points.

The specific ownership of a building involved in the crime of burglary is not an essential element of the offense. *State v. Franklin,* 124 Wash. 620, 215 Pac. 29; *State v. Burke,* 124 Wash. 632, 215 Pac. 31. See, also, *State v. Toliver,* 109 Kan. 660, 202 Pac. 99, 20 A. L. R. 502. Allegation of ownership is material for only two purposes: (1) To show on the record that the building burglarized is not the property of the accused, and (2) to identify the offense to such an extent as to protect the accused from a second prosecution for the same offense. 4 R. C. L. 433; 9 Am. Jur. 263.

The allegation and proof of ownership and location of the warehouse were sufficient to satisfy both purposes. While there was some variance between the allegation in the information and the subsequent proof as to the distance of the warehouse from Elma, the evidence went in without objection and, in fact, was elicited largely by appellant's own counsel on cross-examination of the state's witnesses. The identity of the warehouse is apparent on the record considered in its entirety.

Under Rule of Practice IX, above mentioned, the information will be deemed amended to conform to

356

the proof, since it clearly appears that appellant was afforded full opportunity to present his defense and was not prejudiced in any substantial right. *State v. Vaughan,* 163 Wash. 681, 1 P. (2d) 888.

The judgment is affirmed.

MAIN, HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.

[1]Reported in 73 P. (2d) 738.