[No. 27018. Department Two. July 7, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY
KLEIN *et al., Appellants.*[1]

[1]Reported in 80 P. (2d) 825.

*John C. Richards* and *Charles R. Denney,* for appellants.

*A. W. Swanson* and *Frederick A. Clanton,* for respondent.

BEALS, J.—Harry Klein and James Cole were jointly charged, before the superior court for Snohomish county, with the crime of burglary in the second degree, the charging part of the information reading as follows:

"They, the said Harry Klein and James Cole, in the county of Snohomish, state of Washington, on or about the 29th day of August, 1937, did wilfully, unlawfully and feloniously, and with the intent to commit some crime therein, to-wit: larceny, break and enter a building, to-wit: The Tradewell Store building, located at 2813 Colby avenue, in the city of Everett, Washington, being managed by one John Bird of the city of Everett, Washington, said building being a building in which property was then and there kept for use, sale or deposit."

Each of the defendants pleaded not guilty, and upon their joint trial, each was found guilty as charged. The defendants' motions for arrest of judgment and for a new trial having been denied, from judgments and sentences the defendants have appealed.

Error is assigned upon the refusal of the trial court to sustain appellants' objection to the introduction of any evidence upon the ground that the information fails to state facts sufficient to constitute a crime; upon the refusal of the trial court to grant appellants' motion for a directed verdict of not guilty (which motion was interposed at the close of the state's case), upon the ground that there was a fatal variance between the charge as laid and the state's evidence. This motion was renewed at the close of all the evidence, and error is assigned upon the denial of that motion; and upon the denial of appellants' motions for arrest of judgment or, in the alternative, for a new trial. Appellants also contend that the trial court erred in refusing to grant their motion for a directed verdict of not guilty, and at the close of the state's case, in remarking that the venue of the crime had not been established, and in thereafter granting the state's motion to reopen the case. Error is also assigned upon the giving of five instructions.

Burglary in the second degree is, by Rem. Rev. Stat., § 2579 [P. C. § 8772], defined as follows:

"Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree, enter the dwelling-house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

█ Appellants contend that the information charging them with the crime for which they were tried is insufficient in form, appellants taking the position that it alleges neither ownership nor occupancy of the building into which it is alleged that appellants forced an entrance. Appellants also argue that the information does not directly allege that the building was not occupied by appellants themselves.

In charging the crime of burglary, the ownership or occupancy of the premises alleged to have been broken into must be alleged in some manner sufficient to negative the right of the person charged with the crime to enter the building. In alleging ownership, no particular form of words is necessary. 9 C. J. 1043, § 78.

In the case of *State v. Kimball,* 143 Wash. 370, 255 Pac. 122, an appeal from a conviction of the crime of burglary, this court said:

"It is true that the state did not attempt to prove who had the legal title to the building, and this was unnecessary, for occupancy is the element which must be alleged and proved, and the testimony in this case shows that the house was occupied at the time of the entry by a person who bore the name of 'Frank' and was being used by him at that time as a place to live in. Possession is enough as against burglars, and this is true even though the possession may be wrongful. Wharton's Criminal Law (11th ed.), vol. 2, § 1018."

In the case of *State v. Burns,* 155 Iowa 488, 136 N. W. 520, the supreme court of Iowa said: "In an indictment for burglary, 'ownership means any possession which is rightful as against the burglar'."

The court of criminal appeals of Texas, in the case of *Lamater v. State,* 38 Tex. Crim. App. 249, 42 S. W. 304, held in effect that one who is in direct management and control of a building is in law the occupant thereof.

The case of *Hasley v. State,* 87 Tex. Crim. App. 444, 222 S. W. 579, is to the same effect.

In 9 C. J. 1044, § 79, the rule is stated as follows:

"The test, for the purpose of determining in whom the ownership of the premises should be laid in an indictment for burglary, is not the title, but the occupancy or possession at the time the offense was committed."

Under the authorities, the information is not obnoxious to the objection that it fails to state sufficient facts to constitute the crime of burglary.

■ It appeared from the evidence that the Tradewell Grocery Store, of which John Bird was manager, was for some time located in a four story building, the main entrance to the store being designated as 2813 Colby avenue, Everett. Originally, the structure was double, one portion being known as the Powell building, and the other as the Henning building. Sometime prior to the trial, however, the partitions between the buildings were torn out and the buildings made one. Thereafter, the structure was sometimes known as the Fisher building, and sometimes referred to as the Rumbaugh building, from stores conducted therein by persons of those names.

For approximately four years prior to the trial, Tradewell Grocery Store had been conducted in the first floor and basement of the building, under lease from the owners. Of this business, as above stated, John Bird was manager, and under his direction the second floor of the building was used for storing canned goods and other articles sold over the counter in the grocery store. Mr. Bird's office opened on a landing on a flight of stairs leading from the first to the second story, the landing being about half way between the two. The door opening from the top of this flight of stairs on to the second floor was kept locked. If one gained access to any one of the upper floors, the entire building was open to him by means of an unlocked elevator running from the basement to the top floor.

Employees of the Tradewell Store also enjoyed the privilege of using a lavatory on the third floor of the building.

Late on the evening of August 29, 1937, Mr. Bird, while working in his office, heard someone moving in the upper portion of the building, and knowing that no one should be in the building, telephoned the police, who, upon their arrival, found on the second floor a set of burglar's tools, including a heavy sledge hammer and a punch. Upon searching the premises, the officers discovered appellants in the penthouse situated on the roof. On the trial, one of the police officers testified that appellant Cole, in answer to a question as to what appellants were doing in the building, replied: "I suppose we were going to burglarize it." Appellants did not take the stand, offering on their behalf only one witness, the agent of the owners of the building. In support of their second assignment of error, appellants argue that the evidence shows no invasion of any property over which the Tradewell Store exercised any right, contending that the upper portion of the building was under the exclusive control of the owners thereof, or their representative, Mr. D. A. Duryee.

In the case of *State v. Knizek,* 192 Wash. 351, 73 P. (2d) 731, an appeal from a judgment of guilty of burglary in the second degree, the appellant argued that the evidence failed to identify either the ownership or the location of the building alleged to have been burglarized. In discussing this assignment of error, we said:

"The specific ownership of a building involved in the crime of burglary is not an essential element of the offense. *State v. Franklin,* 124 Wash. 620, 215 Pac. 29; *State v. Burke,* 124 Wash. 632, 215 Pac. 31. See, also, *State v. Toliver,* 109 Kan. 660, 202 Pac. 99, 20 A. L. R. 502. Allegation of ownership is material for only two purposes: (1) To show on the record that the build-

ing burglarized is not the property of the accused, and (2) to identify the offense to such an extent as to protect the accused from a second prosecution for the same offense.  4 R. C. L. 433; 9 Am. Jur. 263."

Examination of the evidence convinces us that the occupancy of the building and the management and control thereof by Mr. Bird was shown to a degree sufficient to meet the requirements of the law in such a case as this.

■ At the close of all the evidence, appellants moved for a directed verdict of not guilty, upon the ground of insufficient evidence.  In reply to a question by the court, "In what respect is it insufficient," appellants' counsel simply answered:  "They have not submitted sufficient evidence."  The trial court then stated that proof that the crime, if any, had been committed in Snohomish county was wanting, while observing that there might be some inference which would lead to that conclusion.  After some argument and further remarks by the court, counsel for the state moved to reopen the case, which motion the court granted.  Appellants objected to this, and assign error upon the court's ruling.  Counsel for appellants, in arguing his motion for a directed verdict, stated no more than "they have not submitted sufficient evidence," failing to call the court's attention to the particulars in which he deemed the evidence insufficient.  Appellants have no vested right in any neglect or omission on the part of counsel for the state.  The granting of the motion to reopen the case was well within the discretion of the trial court, and we find no error in the court's ruling.

■ It appeared from the evidence that a window opening on to a fire escape had been forcibly opened. An employee of the Tradewell Store had admitted appellant Klein to the lavatory on the third floor on the afternoon of the day on which appellants were ar-

rested. By instruction No. 5, the court defined to the jury, in the language of the statute, the crime of burglary in the second degree, and also told the jury that the word "break," when used in connection with the crime of burglary, means the opening for the purpose of entry of any outside window in the building. Appellants excepted to this instruction, contending that no outside window of any building owned or occupied by Tradewell Store, managed by John Bird, was shown. What we have said in discussing appellants' prior assignments of error disposes of this question.

By instruction No. 6, the jury were told that, for the purposes of the trial, larceny is defined as the taking of the property of another, and that it was immaterial, in the case then being tried, to whom the property that may have been kept in the building belonged, provided the property was not that of appellants. In support of this exception, appellants argue that the Tradewell Store, managed by John Bird, had no property in the part of the building burglarized, and neither had right of occupancy nor was actually occupying that portion of the building. The evidence clearly shows that appellants were in the building without any right on their part, and also supports a finding that appellants had gained such entrance under circumstances sufficient to support a conviction of the crime of burglary in the second degree. There was property in the building belonging to the Tradewell Store, and the instruction of the court was proper and applicable to the situation presented.

The court also gave a lengthy instruction covering the designation of the building in which appellants were arrested, and the different names which had been applied thereto. In another instruction, to which appellants also excepted, the matter of the keeping or

storing of property in the upper portion of the building by John Bird, as manager of Tradewell Grocery Store, was discussed, and the jury were told that if they believed from the evidence, beyond a reasonable doubt, that at the time of the alleged breaking and entering, if such there was, Mr. Bird, as such manager, was keeping or storing any property of any nature upon any upper floor of the building, whether with or without the permission of the owners or their agent, sufficient possession of the building was shown to make the same subject to burglary. Appellants contend that these instructions constitute a comment on the evidence, and are for other reasons objectionable. The instructions, when read together, properly state the law, and appellants' assignments of error are not well taken.

Appellants complain of instruction No. 11, which concerned the matter of aiding and abetting, and principal and accomplice. By this instruction, the jury were told that, if they believed that appellant Cole committed the burglary, and that appellant Klein was either assisting in the breaking and entering, or aided and abetted the same, then appellant Klein might be found guilty as charged. As above stated, there was some evidence that appellant Klein had, on the afternoon prior to the arrest, been admitted to the lavatory on the third floor of the building. Evidently, the instruction was given upon the theory that the jury might have believed that appellant Klein secreted himself in the building, and either assisted appellant Cole to break in or joined him after the breaking had been accomplished. The instruction was warranted by the evidence, and under no theory can be deemed prejudicial.

Finally, appellants contend that the evidence fails to show the commission of any larceny in the building, that no intent to commit larceny was proven,

and that for this reason the judgment must be set aside. In the case of *State v. Knizek, supra,* we said:

"The gist of the crime of burglary, as defined by the statute, is the breaking and entering of any one of certain specified buildings with intent to commit a crime therein. *State v. Beeman,* 51 Wash. 557, 99 Pac. 756; *State v. Trombley,* 132 Wash. 514, 232 Pac. 326. However, by the express provision of Rem. Rev. Stat., § 2580 [P. C. § 8773], one who unlawfully breaks and enters any of such buildings shall be deemed to have done so with intent to commit a crime therein, unless such unlawful breaking and entering 'shall be explained by testimony satisfactory to the jury to have been made without criminal intent'."

The evidence in the case at bar must be considered in the light of the rule as stated in the quotation from the *Knizek* case. In the case at bar, the evidence showed that an assortment of burglar's tools was found in the building. Appellants were also found and arrested therein. The jury were clearly justified in finding the intent necessary to support the charge as laid.

Finding no error in the record, the judgment appealed from is affirmed.

MILLARD, BLAKE, GERAGHTY, and ROBINSON, JJ., concur.