STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ELIAS T. MENKE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 11, 1957—Decided February 21, 1957.

2

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. John A. Lombardi* argued the cause for defendant-appellant.

*Mr. Cuddie E. Davidson, Jr.,* argued the cause for plaintiff-respondent (*Mr. H. Russell Morss, Jr.,* and *Mr. Calvin J. Hurd,* attorneys).

The opinion of the court was delivered by

CONFORD, J. A. D.   This is an appeal from the dismissal by the Union County Court of an appeal to that tribunal from an order of the Municipal Court of Springfield denying a motion to vacate an allegedly illegal sentence and conviction in that court.   There was no appeal from the conviction itself.

The complaint was for violation of *N. J. S. A.* 39:4–129 (leaving scene of an accident).   There was no stenographic record of the proceedings before the magistrate.   The only information before us as to what transpired in the municipal court is the contents of two affidavits by the attorney for the defendant submitted on the motion to vacate, *etc.,* and an "Agreed Statement in Lieu of Record" filed in the County Court, prepared and signed by the attorney for defendant and "approved" by the magistrate.   It is not signed by any representative of the State.   From these papers it appears that at the trial, where the State's case was apparently presented without benefit of prosecuting attorney [See Vanderbilt, "The Municipal Court," 10 *Rutgers L. Rev.* 647, 654, 655 (1956)], two witnesses, neither a police officer, were presented on behalf of the State.   At the close of the State's case defendant moved to dismiss the complaint on the ground of insufficient proof of the offense.   The motion was denied for the stated reason "that a *prima facie* case was made out," calling for denial by defendant.   It was then announced by his counsel that defendant would not take the stand, and a motion was made for acquittal on the ground that the State had failed to prove its case beyond a reasonable doubt.   The court did not pass on the motion but proceeded, over objection of the defendant, to take the testimony of a police officer who had investigated the accident.   The defense refused to cross-examine, and the court found the defendant guilty as charged.   We are utterly without benefit of the factual proofs before the magistrate. Defendant assures us that these are "of no consequence on this appeal."

██ Thereafter the motion to vacate aforementioned was argued, and on two grounds, only one of which is renewed on this appeal, *i. e.*, "defendant was denied procedural due process of law." The motion was denied. When the appeal was moved before the County Court, Judge McGrath took the position that under *R. R.* 3:10–10 he was without authority to decide the legality of the conviction on the papers before him, there having been no stenographic record in the municipal court, and that he was therefore required to hold a plenary trial *de novo*. He held the "Agreed Statement," *etc.*, was not a stenographic record, in the sense intended by the rule, because it contained none of the trial evidence. Defendant refused to proceed with a trial *de novo*, maintaining that he was entitled to a determination that the proceedings before the magistrate were in violation of procedural due process and to a reversal of the conviction for error in the denial of the motion to vacate.

It is to be noted at the outset that there was no warrant in statute or rule for defendant's stratagem of appealing from an order refusing to vacate the conviction rather than appealing the judgment of conviction itself. The purported authority for the motion was *R. R.* 8:7–11. But that rule deals only with an application to correct an illegal sentence. It is not here argued that there was illegality in the sentence, but only in the proceedings leading to the conviction. Consequently the only appropriate review was of the judgment of conviction. Defendant's argument evinces that his course was dictated by a desire to avoid a plenary trial *de novo* in the County Court, under *R. R.* 3:10–10, but this constitutes no excuse for an attempt to circumvent application of the cited rule, the only practice rule now ordinarily available to provide a review of the legality of a criminal conviction in a municipal court. *State v. Yaccarino*, 3 *N. J.* 291, 295 (1949); *Town of Montclair v. Stanoyevich*, 6 *N. J.* 479, 493 (1951); *Board of Health of Township of Weehawken v. New York Central Railroad Co.*, 10 *N. J.* 294, 299–300 (1952); *State v. Simpkins*, 8 *N. J. Super.* 194, 197 (*App. Div.* 1950); *State v. Smith*, 6 *N. J. Super.* 85 (*App. Div.*

1949). Ordinarily an appeal cannot be taken from an order subsequent to a judgment of conviction unless authorized by a statute. 24 *C. J. S., Criminal Law*, § 1651, *p.* 248. Since the appeal here had the purpose of reviewing the legality of the conviction rather than that of the sentence, its prosecution by device of an appeal from an order denying a motion to correct the sentence was authorized neither by statute nor rule of court, and the dismissal of the appeal to the County Court might well be affirmed on that basis alone. We shall, however, treat of the merits of the defendant's contentions as though the judgment itself had been appealed.

██ It is first contended that the filing of the "Agreed Statement," *etc.,* was the equivalent of the making of a stenographic transcript in the municipal court, for purposes of *R. R.* 3:10–10(*a*), so as to warrant the consideration by the County Court of the merits of defendant's attack upon the legality of the conviction without the holding of a trial *de novo*. We do not agree. Passing other objections to the "Agreed Statement," *etc.,* it is obvious that it did not constitute a stenographic transcript nor its equivalent, as it was devoid of the evidence. It therefore could not serve the purpose envisaged by the rule of presenting such a complete record of the proceedings of first instance as would enable the County Court to determine therefrom not only whether there was error, but also, of significant import in our present-day concepts of the function of review, whether the error was prejudicial. *Meszaros v. Gransamer,* 23 *N. J.* 179 (1957).

We are not implying that on a trial *de novo* before the County Court necessitated by the absence of a stenographic record below there may not be revealed such fundamental constitutional or jurisdictional deficiencies in the municipal court, notwithstanding *R. R.* 3:10–10(*b*), as would justify reversal of the conviction by the County Court, whether or not they would have also justified an application for direct review before the Appellate Division under *R. R.* 2:12–2, as explained in *State v. Yaccarino, supra* (3 *N. J.,* at *page* 297). See *State v. Miller,* 29 *N. J. Super.* 347 (*Cty. Ct.*

1954); *State v. Boutote,* 19 *N. J. Super.* 60 (*Cty. Ct.* 1952); *State v. Walters,* 14 *N. J. Super.* 234 (*Cty. Ct.* 1951). *Cf. Town of Belleville v. Kiernan,* 39 *N. J. Super.* 480 (*App. Div.* 1956). Neither *State v. Simpkins, supra,* nor any other decision of which we are aware, is necessarily to the contrary. Clearly a defendant in such a situation should not be prejudiced by his mistaken judgment, or that of his counsel, in undertaking to resolve the sometimes close question as to whether a particular defect or deficiency is one which will move the Appellate Division to grant leave to appeal. If any appellate judicial body is authorized to set aside a conviction for such fundamental error, it makes sense to regard the first appellate tribunal, the County Court, as possessed of the jurisdiction to do so, whether or not it is hearing the appeal by trial *de novo,* and whether or not, by application of hindsight, it is concluded that the error would have founded a direct discretionary review in the Appellate Division. In our view, were the appeal in this case from the conviction itself, and the defect assigned, if error at all, of such substantial magnitude as to call for reversal on direct appeal to the Appellate Division, the County Court would have been authorized to declare it (even assuming the conduct of a trial *de novo*) and reverse the conviction accordingly. But the matter need not be further pursued as we are clear that in the present situation there was no procedural defect at all, substantial or otherwise.

█ What happened in the municipal court was, in effect, a reopening by the court of the State's case after the State and the defendant had rested. Few rules in our criminal jurisprudence are better settled than that such action is in the sound discretion of the trial court, not to be disturbed except where manifest prejudice accrues. *State v. Bright,* 123 *N. J. L.* 435 (*Sup. Ct.* 1939), affirmed 124 *N. J. L.* 451 (*E. & A.* 1940); *State v. Hubschman,* 133 *N. J. L.* 520 (*Sup. Ct.* 1946); *State v. Napolitano,* 95 *N. J. L.* 546 (*E. & A.* 1921); 23 *C. J. S., Criminal Law,* §§ 1055, 1056(*a*), 1056(*b*), *pp.* 462, 464, 465; *Maupin v. United States,* 225 *F. 2d* 680 (10 *Cir.* 1955); *State v. Klein,* 195

*Wash.* 338, 80 *P. 2d* 825 (*Sup. Ct.* 1938); *Hall v. State,* 19 *Ariz.* 12, 165 *P.* 300 (*Sup. Ct.* 1917); *State v. Levy,* 103 *Conn.* 138, 130 *A.* 96 (*Sup. Ct. Err.* 1925); *State v. Falcone,* 41 *R. I.* 399, 103 *A.* 961 (*Sup. Ct.* 1918). There is no showing of prejudice here. Precisely comparable situations are disclosed in some of the case authorities cited. Defendant deliberately elected not to cross-examine the state witness whose testimony was taken after the reopening. It is not asserted, and it is not to be presumed that defendant would have been precluded from offering such rebuttal proofs as he might choose. Under all the circumstances disclosed, the reopening of the State's case did not constitute an abuse of discretion, and defendant was in no sense deprived of procedural due process.

Since defendant has not asserted either in the County Court or here that the proofs adduced before the magistrate were insufficient to justify conviction of the offense, if properly taken, and since he deliberately eschewed the trial *de novo* proffered in the County Court, and, on the present appeal, has asked only that we adjudicate the question of procedural due process on its merits, there is nothing for us to do at this juncture but affirm the judgment of dismissal. *Cf. State v. Miller, supra* (29 *N. J. Super.,* at *page* 350).

Affirmed.