[No. 31646.   Department Two.   August 16, 1951.]

BEATRICE WHEATLEY *et al.*, *Respondents*, v. WASHINGTON JOCKEY CLUB, *Appellant*.[1]

*Preston, Thorgrimson & Horowitz*, for appellant.

*Charles M. Stokes*, for respondents.

SCHWELLENBACH, C. J.—This is an appeal from a judgment in favor of respondents and against appellant in the amount

[1]Reported in 234 P. (2d) 878.

of two hundred dollars and costs entered in an action for damages for unlawful arrest.

■ No statement of facts is brought up, and the sole question for review is whether or not the findings sustain the judgment. *Leiva v. King County,* 38 Wn. (2d) 850, 232 P. (2d) 532.

The findings of fact and conclusions of law are as follows:

### "FINDINGS OF FACT
#### I.

"That on or about July 27, 1949, defendant, acting through its agent, one Vincent Murphy, ordered and directed two peace officers of the State of Washington who were employees of defendant, to bring plaintiff, BEATRICE WHEATLEY, a paying patron of defendant's race track, to said Murphy's office on defendant's premises for questioning with reference to the loss of a purse and contents by another patron of defendant's race track. That said peace officers carried out said order and direction and, the manner and means in which they did so constituted an arrest of said plaintiff.

#### II.

"That said Murphy, in ordering and directing said arrest had reasonable grounds to believe that the crime of grand larceny had been committed, and that said plaintiff was the perpetrator thereof. That said peace officers did not have said grounds in that they were only advised that a purse containing $21.00 had been stolen other than from the person of the owner.

#### III.

"That by reason of the aforesaid matters, said arrest was unlawful and caused embarrassment to the said plaintiff, all to plaintiff's damages in the sum of $200.00.  .  .  .

"And from the foregoing Findings of Fact, the Court now makes and enters its following

### CONCLUSIONS OF LAW
#### I.

"That plaintiffs are entitled to judgment against defendant in the sum of $200.00, and for their costs and disbursements herein."

■ Police officers may detain or arrest on suspicion of a felony without a warrant for an offense not committed in their presence, if they have reasonable grounds to believe the person arrested committed the felony. *State v. Britton,* 137 Wash. 360, 242 Pac. 377, 247 Pac. 9.

Appellant contends that the acts of its agent Murphy were the acts of appellant corporation; that, in turn, the acts of the police employees of appellant were those of Murphy, who ordered the arrest; that the arrest, therefore, was the act of appellant corporation and was ordered by its agent, who, as found by the trial court, had reasonable grounds on which to act; that, when an officer arrests a person as a result of instructions from another, such arrest is in law effected by him who gave the instruction.

■ This theory would be correct if the acts of the police officers were performed in carrying out their duties as public officers, but not when they were acting in the performance of the duties for which they were employed. The question is: Did they, at the time of making the arrest, represent the employer or the public? The rule is stated in 22 Am. Jur. 385, False Imprisonment, § 45:

"The general rule is that in the absence of statute, a private person or corporation is not responsible for the acts of a special police officer, appointed by public authority, but employed and paid by the private person or corporation, when the acts complained of are performed in carrying out his duty as a public officer. The acts of such a person are, prima facie, those of a public officer, not rendering the private employer liable. It does not follow, however, that because a servant is also a police officer, all his acts are of a public nature; and where he is acting in the performance of the duties for which he is employed, or his movements are actively directed by his employer—in other words, where he represents his employer and not the public—such employer may become liable for his acts. The acts of a special policeman in making an arrest cannot be ratified so as to render his employer liable, where the policeman acts in the matter as an agent of the state and not of the employer."

See, also, *Hayes v. Sears, Roebuck & Co.*, 34 Wn. (2d) 666, 209 P. (2d) 468.

The cases relied on by appellant are ones in which the arresting officers were acting in their public capacity, and are not in point.

■ The arrest here was the combined act of Murphy and the police officers. It is true that the actual confinement was made by the latter, upon the order and direction of

Murphy. However, there can be no question but that the officers, when they made the arrest, were representing their employer and not the public. Although they acted upon the order and direction of Murphy, their act of arresting respondent wife was not in the service of Murphy, but in the service of appellant corporation. At that time, they did not have reasonable grounds to believe that the crime of grand larceny had been committed. Appellant corporation cannot be heard to say that, because its right hand acted legally, it is not responsible for the illegal acts of its left hand.

Appellant urges that the trial court was in error in holding that the arresting officers did not have reasonable grounds to believe that the crime of grand larceny had been committed because they were advised of the fact that $21 and a purse had been stolen. Appellant asks the question: "Unless the court can say as a matter of law that no purse is worth $4, would not the officers be justified in reasonably assuming that at least $25 was involved in the matter?" In answer, we say that, with no statement of facts, we are limited to the finding of the trial court that the officers did not have reasonable grounds to believe that the crime of grand larceny had been committed.

The judgment is affirmed.

MALLERY, GRADY, HAMLEY, and WEAVER, JJ., concur.

September 5, 1951. Petition for rehearing denied.